## MASTERSON v. CHESAPEAKE & POTOMAC TELEPHONE CO.

(Court of Appeals of District of Columbia. Submitted December 7, 1923. Decided June 2, 1924.)

No. 3987.

1. **Telegraphs and telephones ⬳73(1)—Evidence as to failure to list name in directory held to present question for jury.**

Evidence *held* to tend to show either that defendant telephone company was under contract with plaintiff, implied from the circumstances, to list plaintiff's name in its directory, which contract it has breached, to plaintiff's damage, or as having without legal excuse failed to perform a duty which, as a public servant, it owed plaintiff, and hence a directed verdict for defendant was error.

2. **Telegraphs and telephones ⬳28—Subscriber entitled to have his name in directory.**

A subscriber to and for defendant's telephone service is entitled to have his name in and be furnished with directories containing his name and the number of his telephone properly arranged.

3. **Telegraphs and telephones ⬳28—Reasonable telephone facilities required.**

A telephone company is a public servant, and as such is required to furnish reasonable telephone facilities to those who desire them and comply with its lawful requirements.

Appeal from the Supreme Court of the District of Columbia.

Action by William L. Masterson against the Chesapeake & Potomac Telephone Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded for a new trial.

L. A. Bailey, of Washington, D. C., for appellant.

Alex Britton and Allen MacCullen, both of Washington, D. C., for appellee.

Before ROBB and VAN ORSDEL, Associate Justices, and BARBER, Judge of the United States Court of Customs Appeals.

BARBER, Acting Associate Justice. This is an appeal from the Supreme Court of the District of Columbia. The plaintiff below, appellant here, brought suit against the defendant, in substance alleging that the defendant for more than 17 years last past has been and now is engaged in the business of furnishing public service by telephone in the District of Columbia, at rates fixed by it and to be paid by subscribers for said service, in the performance of which it was the defendant's duty, and it undertook, to furnish such subscribers, as well as the public, all facilities reasonably required for the efficient operation of the service, including the listing, in its directories issued from time to time, of the name of each subscriber and the serial number and location of the telephone furnished him, and a statement of his business or occupation, which service the defendant had rendered the plaintiff and at his request for some 17 years prior to and including January 20, 1919, and that it became and was the duty of the defendant, in its directory furnished and issued by it in June, 1919, to include therein a like listing of the defendant's name, telephone number, and business, which, although requested by the plaintiff to do, the defendant had wrongfully

and negligently, and in utter disregard of its duty, ignored, failed, and refused to do, as a result of which the plaintiff, a practicing physician in Washington during all the time aforesaid, was damaged and injured in the amount of $5,000, to recover which the suit was brought.

The case was tried by jury in the court below. The defendant introduced no testimony in its behalf.

[1] The evidence on behalf of the plaintiff tended to show that since some time in 1895 he had been a practicing physician; that from December, 1902, until July 1, 1921, he had practiced his profession and had his office at the Stoneleigh Court, an apartment house in the city of Washington, and during all that period had a telephone of the defendant in his said office; that in Stoneleigh Court there was a switchboard connecting with Masterson's office, and when he desired to use the telephone he called the switchboard operator there, who called the central office of defendant, through which the desired service connection was made; that incoming calls were treated in the reverse order—that is, the party desiring to talk with the plaintiff would call up the Stoneleigh Court operator, who would connect the plaintiff with the outside line; that the operator at the Stoneleigh Court switchboard was in its employ; that the telephone in plaintiff's office was used more for receiving calls by the plaintiff than for making them; that the Stoneleigh Court switchboard was installed at the instance of the management thereof; that the manager of Stoneleigh Court made no charge to the plaintiff on incoming calls, but for each outgoing call charged him 5 cents and whatever the charge as reported by the defendant company was on long-distance calls made by plaintiff; that no bills came to Stoneleigh Court from the defendant against the plaintiff, unless it was a slip for long-distance calls made by him; that during all the period above mentioned, until the June, 1919, issue thereof, the defendant issued and distributed to the plaintiff and others, semiannually or oftener, a telephone directory containing, as stated therein, a list of its Washington subscribers alphabetically arranged, among which was listed the plaintiff's name; that the manner of such listing during the whole time is illustrated by the defendant's telephone directory of January, 1919, in which the entry as to the plaintiff was, "Main 2270, Masterson, W. L., Physician Stoneleigh Court Apartments;" that plaintiff's name had also been appropriately listed in said directories under the subcaption of "Physicians and Surgeons," in a portion of the directory entitled "Washington Classified Business Directory"; that the directories contained, under the subject of "General Information," among other things, the sentence, "Before calling, refer to latest directory;" that defendant's telephone directory of June, 1919, did not contain the plaintiff's name or any reference to him; that during all the time mentioned, previous to the issue of the directory of June, 1919, the plaintiff and his office assistant used the telephone in sending and receiving calls appertaining to his business, and the use and value of the directories to him was to notify the public how to reach him and also to enable him to reach others by telephone; that the placing of plaintiff's name in the defendant's directories from time to time, as they were issued, was brought about in the following manner: That

defendant had an arrangement with the Stoneleigh Court manager that he would furnish the defendant a list of persons whose names should be listed in defendant's directory under Stoneleigh Court, which list was furnished in writing to defendant, sometimes on its written and sometimes on its telephonic request; that pursuant to this practice, on June 6, 1919, said manager furnished a list to the telephone company of names for the next issue of its directory, accompanied by the statement, "Inclosed please find names for the next issue of the telephone directory, and until advised to the contrary;" that such list contained sundry names in alphabetical order, including that of the plaintiff, as follows: "Main 2270, Masterson, W. L., Physician, Office Stoneleigh Court;" that defendant omitted plaintiff's name from its June, 1919, directory; that the plaintiff had requested the manager of Stoneleigh Court to make the necessary arrangements for him to obtain the telephone service of the defendant in the manner above pointed out; that from June, 1919, when the new directory was issued from which the plaintiff's name was omitted, plaintiff still continued his practice and office in the Stoneleigh Court until July, 1921, when he discontinued the same; that while his name was in the defendant's directory prior to the June issue of 1919 he received on an average per day 25 calls for his services, and that after the issue of that directory such calls averaged from about 5 to 7 per day, and that his practice fell off for the year following some $5,000. Plaintiff testified that he knew of no reason for this diminution of practice, except the interruption of telephone service caused by such omission of his name from defendant's directory.

There was evidence that one witness, desiring to obtain medical service for a woman who was ill, at her request wished to call Dr. Masterson in August, 1919, but, not finding his name in the current directory, could not call him. There was no evidence tending to show why the defendant did not include plaintiff's name in the June, 1919, directory.

At the close of the testimony on behalf of plaintiff, of which the foregoing is the substance, so far as necessary of consideration, the court, on motion of the defendant, directed a verdict in its favor, saying that under the evidence there was nothing to submit to the jury, to which the plaintiff was allowed an exception. The only question here, therefore, is whether the court erred in so directing its verdict.

[2] We understand the law to be, under the circumstances shown by the evidence here, that, if the plaintiff was a subscriber to and for defendant's service, he was entitled to have his name in and to be furnished with directories containing his name and the number of his telephone, properly arranged. Jones on Telephone Companies, § 246, and cases cited. The recited evidence, especially the fact that it had listed plaintiff in its directories, clearly tends to show that the defendant for some 16 years had regarded the plaintiff as one of its subscribers, and during that time had held out to the plaintiff, his patients, and the public that the plaintiff sustained to it that relation.

In June, 1919, in the same manner as in the preceding years, the defendant was requested to continue listing the plaintiff as a subscriber, and in view of the relation which telephone companies sustain to the

public we do not think it had the right, arbitrarily and without notice, to discontinue its service to defendant in the manner it did, and omit or refuse to insert his name in the usual manner in its June, 1919, telephone directory, no excuse or reason therefor being claimed or shown.

[3] A telephone company is a public servant, and as such is required to furnish reasonable telephone facilities to those who desire them and comply with its lawful requirements. Of course, it may for just cause refuse service, but until such cause appears it refuses or neglects so to do at its peril. Jones on Telephone and Telegraph Companies, §§ 239–243; 37 Cyc. 1650, 1658, and cases cited. It matters not, for the purposes of this decision, whether the defendant be regarded as being under a contract with the plaintiff, implied from the circumstances, to list plaintiff's name in its June, 1919, directory, which contract it has breached to the damage of the plaintiff, or as having, without legal excuse therefor, failed to perform the duty which as a public servant it owed to the plaintiff, both of which questions are discussed in the briefs. The recited evidence tends to establish one or both of these conclusions and that the plaintiff was damaged thereby. Therefore the court erred in holding that there was nothing to submit to the jury.

The judgment below is reversed, with costs, and the case remanded for a new trial.