E. LEROY STEIN *v.* DIAMOND STATE TELEPHONE COMPANY, a corporation of the State of Delaware.

*(March 27, 1929.)*

HARRINGTON, J., sitting.

*Daniel de Pace* and *James R. Morford* for plaintiff.

*James H. Hughes, Jr.,* and *William S. Potter* (of Ward and Gray) for defendant.

Superior Court for New Castle County, March Term, 1929. No. 173, September Term, 1928.

HARRINGTON, J., charging the jury:

The defendant company admits that it owed a duty to the plaintiff to correctly list its name, occupation and telephone number in its February and August directories of 1927, and that it negligently violated that duty. Because of that fact, it, also, admits that your verdict must be for the plaintiff for such compensatory damages as naturally and reasonably follow from the negligent acts or omissions committed by it.

The plaintiff claims, however, that he is not only entitled to recover such damages as have been specifically proved by him, but, also, such additional punitive or exemplary damages as you may see fit to allow, if any, by way of punishment for the acts committed by the defendant company.

Where the facts warrant a consideration of the question of punitive damages, the amount of such damages, if any, is for you to determine after a careful consideration of the evidence. Whether, however, such evidence justifies any consideration of that question is often a question of law for the court to determine. *McCoy v. Philadelphia, W. & B. R. Co.*, 5 *Houst.* 599; *Randel v. President, etc., of Chesapeake & D. Canal*, 1 *Harr.* 233; *Giles v. Diamond State Iron Co.*, 7 *Houst.* 453, 8 *A.* 368; *Brown v. Green*, 1 *Penn.* 535, 42 *A.* 991; 2 *Sutherland on Damages* (3d *Ed.*), § 393, *p.* 1282, *note;* 17 *C. J.* 973.

In *Sutherland on Damages* (3d *Ed.*), *vol.* 2, § 393, the author, in discussing the question of punitive or exemplary damages, says:

"They are allowed when a wrongful act is done with a bad motive or so recklessly as to imply a disregard of social obligations, or when there is negligence so gross as to amount to misconduct and recklessness."

In the same section, the same author, in discussing the same question, also says:

"These damages are allowable only when there is misconduct and malice or what is equivalent thereto. A tort committed by a defendant in the assertion of a supposed right or without any actual wrong intention and without such recklessness or negligence as evince malice or conscious disregard of the rights of others, will not warrant the giving of damages for punishment when the doctrine for such damages prevails."

This court, in *Randel v. President, etc., of Chesapeake & Delaware Canal,* 1 *Harr.* 233, said:

"There is no malice here as a ground of damage; * * * By exemplary or vindictive damages is meant something over and above the actual loss or damage accruing to the plaintiff by reason of the defendant's conduct, and which in certain actions of tort the jury are permitted to give, to an unlimited amount, for the sake of public example and warning to others."

In *Smyrna, L. & P. Steamboat Co. v. Whilldin,* 4 *Harr.* 228, it said:

"If the jury think that this boat was run into by Captain Whilldin, wilfully and designedly, they would be justified in awarding vindictive damages to any amount which, in the exercise of a sound judgment and discretion, they deem proper, by way of public example. Considering the time; the occasion; the defendant's knowledge of the number of passengers; a wilful sinking of the Kent would evince a reckless disregard of human life deserving the severest punishment. But in proportion to the enormity of the act, the jury ought to be cautious in crediting such a design, and should require the clearest proof of it. Even in case of gross negligence, exemplary damages may be given."

In *Hysore v. Quigley,* 9 *Houst.* 348, 32 *A.* 960, it said:

"In an action on the case to recover consequential damages, such as this, if the damages proceed not only from the negligence of the defendant, but it appears from the evidence that the defendant wilfully, and with malicious intent was guilty of such negligence, then the plaintiffs are entitled to recover not only damages for the negligence of the defendant, but also damages such as the jury see proper to estimate as exemplary, to punish the evil intent and motive that actuated the negligence. * * * Should you be satisfied from the evidence that the defendant caused the injury and loss to the plaintiffs 'wilfully and designedly, you will be justified in awarding vindictive damages to any amount which, in the exercise of sound judgment and discretion, you deem proper, by way of public example.' "

See, also, *McLane v. Sharpe,* 2 *Harr.* 481; *Farrow v. Hoffecker,* 7 *Penn.* 223, 79 *A.* 920; *Jefferson v. Adams,* 4 *Harr.* 321; *Pacelli v. People's Railway Co.,* 5 *Boyce* 343, 93 *A.* 560; *Petit v. Colmery,* 4 *Penn.* 266, 55 *A.* 344; *Jordan v. Delaware & Atlantic Telegraph & Telephone Co.,* 1 *Boyce* 107, 75 *A.* 1014; *Wat-*

*son v. Hastings,* 1 *Penn.* 47, 39 *A.* 587; *Whittington v. Philadelphia, B. & W. Railway Co.,* 5 *Boyce* 351, 93 *A.* 563; *Hendrickson v. Continental Fibre Co.,* 3 *W. W. Harr.* (33 *Del.*) 564, 140 *A.* 659; *Boyle, et al., v. Chandler,* 3 *W. W. Harr.* (33 *Del.*) 323, 138 *A.* 273. Generally speaking, the wrongful acts for which a person may be punished by the award of punitive or exemplary damages must, therefore, be wilful, malicious, or wanton in their character. It is true that negligent acts may, in some cases, depending upon their nature, justify an award of such damages, but they must be so gross in their character as to justify the conclusion that they were done wilfully or maliciously. *McLane v. Sharpe,* 2 *Harr.* 481; *Smyrna, L. & P. Steamboat Co. v. Whilldin,* 4 *Harr.* 228; 2 *Sutherland on Damages* (3d *Ed.*), § 393, *supra.* Such an inference might be drawn if they were done with a wanton and reckless disregard of consequences to others.

Measured by these standards, my conclusion is that, while the acts of the defendant company were unwarranted and in violation of a duty owed by it to the plaintiff, they were, nevertheless, merely negligent acts; or, at the most, so far as the double listing in the directories of February, and August, 1927, is concerned, acts which they thought they had the right to do, and not malicious acts for which they could be punished by the award of punitive or exemplary damages, and that the evidence does not justify any other possible conclusion.

Having reached this conclusion, it is unnecessary for me to consider the sufficiency of the declaration to support an award of more than compensatory damages.

You are, therefore, directed to return a verdict for the plaintiff. The amount of such verdict is for you to determine; but it must be based on the actual damages suffered by the plaintiff from the acts of the defendant as the same appeared from the evidence produced before you.

NOTE.—The jury rendered a verdict for the plaintiff for $500.00, but pursuant to the application of the defendant such verdict was subsequently set aside by the court because the evidence did not justify a verdict for that amount.