## VAIL v REUBEN H DONNELLEY CORP et

Ohio Appeals, 1st Dist, Hamilton Co

No 5154. Decided Feb 8, 1937

Nichols, Morrill, Wood, Marx & Ginter, Cincinnati, and Harry Kasfir, Cincinnati, for appellee.

Walter K. Sibbald, Cincinnati, for appellant, The Reuben H. Donnelley Corporation.

Frost & Jacobs, Cincinnati, for appellant, The Cincinnati & Suburban Bell Telephone Company.

## OPINION

By HAMILTON, J.

*Appeal on questions of law.*

Dr. Harris H. Vail, plaintiff below, appellee in this court, brought suit against the defendant corporations, appellants here, for claimed breach of contract, growing out of failure to list his name in the classified business section of the Cincinnati Telephone Directory.

The case was tried to the court and jury.

At the close of the plaintiff's evidence, defendants each moved for an instructed verdict, which motions were overruled, and the motions were renewed at the close of all the evidence. The court overruled the motions for instructed verdict and submitted the case to the jury. The jury returned a verdict for $3,000.00 in favor of Dr. Vail.

Defendants filed separate motions for new trials and motions for judgment notwithstanding the verdict. The motions for a new trial were sustained. The motions for judgment notwithstanding the verdict were overruled.

This appeal presents the question of the correctness of the court's ruling on the motions for judgment notwithstanding the verdict.

The question then is:—Do the pleadings and the evidence warrant a finding of the jury in favor of the plaintiff, Dr. Harris Vail?

The plaintiff brings his action against the Telephone Company on the basis of a breach of an express and written contract between plaintiff and the Telephone Company.

In so far as the Reuben H. Donnelley Corporation is concerned, the plaintiff bases his right to recover from it by reason of a contract between the two defendant corporations, by the terms of which the Donnelley Corporation became entitled to compile and edit the Telephone Directory, and to publish the same as part and parcel of the semi-annual telephone directory of the City of Cincinnati.

As against the Telephone Company, the allegations of the petition are in substance as follows:

"Plaintiff says that on or about the first day of April, 1930, he entered into a contract, in writing, with the defendant, the Bell Telephone Company, to have a telephone put in his office. By the terms of said contract plaintiff was entitled to telephone service in his office and also was entitled to have his name, office address and office telephone number listed in the regular white section of the telephone directory proper, and also was entitled to have the same listing of his name, office address and office telephone number in the classified section, that is the yellow section gotten up and published by the defendant, Reuben H. Donnelley Corporation, by virtue of its contract with the defendant, The Cincinnati and Suburban Bell Telephone Company; in consideration of which the plaintiff, Harris H. Vail, paid to the defendant, the Bell Telephone Company $12.50 per month.

"Plaintiff says that said contract entered into on or about the first day of April, 1930, remained in full force and effect from that date down to a recent date. Plaintiff says that by the terms of the contract entered into on the 1st day of April, 1930, the defendant, The Bell Telephone Company, agreed to continue listing the name, office address and office telephone number of the plaintiff both in the white section of the telephone directory and in the Classified Directory, until notice was given by the plaintiff to discontinue the same. Plaintiff has never given any notice, has at all times promptly paid the charges agreed to by and between the plaintiff and defendant, the Telephone Company. In pursuance of said agreement, plaintiff's name and telephone number appeared in the white section of the directory and in the Classified Directory under the heading of "Physicians and Surgeons" from the summer issue of 1930 to the summer issue of 1932; at which time, without any authority from the plaintiff and without any reason, said defendants, Reuben H. Donnelley Corporation and The Cincinnati and Suburban Bell Telephone Company, neglected and carelessly omitted and caused to be omitted from the telephone directory summer issue of 1932 plaintiff's name, office address and office telephone number in the classified list of physicians."

Plaintiff alleges that the omission to list his name was a violation of the agreement between the plaintiff and the Bell Telephone Company.

It is further alleged that the Reuben H. Donnelley Corporation, by virtue of a contract between it and the Bell Telephone Company to edit and compile the directory

and distribute the same was one for the benefit of the subscribers to the telephone service, of which it is conceded Dr. Vail was one.

No objection was made to the joinder of the defendant corporations.

The answer of the Telephone Company was a general denial, coupled with the admission of the corporate organization, and the admission that the plaintiff was a practicing physician and surgeon, with offices in the Carew Tower, Cincinnati.

A like answer was filed by the Donnelley Corporation.

There are two propositions presented for consideration. They are:—First, did the contract between the plaintiff Vail and the defendant, The Cincinnati & Suburban Bell Telephone Company, entitle the Doctor to the listing claimed, and was there a breach of this contract by the Telephone Company? The second proposition is:—Is the plaintiff, Vail, entitled to recover under the third party beneficiary rule under the contract entered into between the Reuben H. Donnelley Corporation and The Cincinnati & Suburban Bell Telephone Company

The contract between Dr. Vail and the Telephone Company was introduced in evidence and contains a notation "flat Rate Bus." It is shown the term "bus" refers to business. The agreement was, therefore, a contract for business telephone.

Mr. Royal S. Martin, Directory Manager of the Telephone Company, was called as a witness for the plaintiff. His evidence is clear and unequivocal to the effect that Dr. Vail's contract for a business telephone entitled him to the listing in the Classified Directory under his office number and also under his home number; that Dr. Vail paid all of his telephone bills; that when he subscribed for a business telephone, his business telephone would appear in the classified part of the Directory; that he would be listed as physician and surgeon under the classified listing of physicians and surgeons.

This clearly constituted a contract for the listing if the same was paid for, and it is clearly shown by the evidence that Dr. Vail's name and telephone number were omitted in the summer 1932 issue of the directory. This would give Dr. Vail the right to maintain the action for breach of contract, unless there were some circumstances which would excuse performance by the Telephone Company in law.

It is argued in the brief that the Telephone Company complied with all the legal requirements by the Telephone Company listing the Doctor in the white section; that having done so, there was no requirement on the part of the Telephone Company to carry the listing in the Classified section, and urges that the filing of the schedule with the Public Utilities Commission only required the listing in the white section.

While the rules and regulations under the Public Utilities Commission required the listing only in the white section, this was the minimum requirement, and did not in any way limit or prohibit the subscriber from making arrangements for the betterment of his service. We see nothing in the rules and regulations of the Public Utilities Commission prohibiting or making illegal the carrying of names and numbers in the Classified Business Section, and the arrangements with the subscribers to that end. The Public Utilities Commission's regulation therefore constitutes no defense in this action.

The pleadings and the evidence clearly sustains a breach of the written contract, and as to the Telephone Company, Dr. Vail presents a cause of action for the breach of that contract, and would be entitled to show the damage, if any.

While the evidence was somewhat meager on the question of damage, there was some evidence as to it. However, the trial court granted the motions for a new trial, and that question is not before us.

This brings us to the contract between the two corporations for the benefit of a third party, entitling the plaintiff to sue thereunder. This contract provided in part:

"All subscribers who pay the Company a business rate for telephone service in Greater Cincinnati shall be listed once free of charge by the Contractor in such Classified Directory section under a heading appropriate to the character of business or profession of such subscriber."

It is further provided:

"The Contractor (The Reuben H. Donnelley Corporation) shall indemnify and save harmless the Company (the Cincinnati & Suburban Bell Telephone Company) from and against any and all suits, claims and demands caused by any errors in or omissions from said classified section of said directory."

Thus it is seen that under this contract the Telephone Company is fully protected

as against errors or omissions on the part of the Donnelley Corporation, the publishing company.

In support of the motions for judgment, notwithstanding the verdict, it is urged that this contract does not come within the provisions of the law giving a third party the right to sue on the contract under which a third party may sue on the theory that the contract is for his benefit.

It is argued that the publishing in the Classified Section or yellow pages for business subscribers is merely incidental to the publishing of the direcory, and that such an incidental interest cannot give rise to a right of action.

In the Restatement of the Law of Contracts, Cha. 6, such contracts are defined under three classes: Donee Beneficiary; Creditor Beneficiary; and Incidental Beneficiary.

The donee beneficiary receives his right by gift only. By gift is meant primarily some performance of a right ▮▮▮▮▮▮▮ which is not paid for by the beneficiary. In such cases, there is no privity of contract between the promisee under the contract and the beneficiary. Nevertheless, the beneficiary may have a right of action against the promisor. If this was a gift of service in the instant case, it would not defeat the right of plaintiff to maintain the action against the promisor, to-wit: The Reuben H. Donnelley Corporation.

A person falls within the designation of creditor beneficiary if performance of the promise will operate to dis- ▮▮▮▮▮▮▮ charge a real or supposed or alleged duty, and is not intended as a gift.

We have in the case under consideration a contractual duty on the part of the Telephone Company to furnish the business list. The contract between the defendant corporation is one by which the Donnelley Corporation undertook to perform that contract. The plaintiff is, therefore, a credit- ▮▮▮▮▮▮▮ or beneficiary, and must be held to fall within that class, since his claim is under the two contractual obligations, one with the Telephone Company direct, and the other by reason of the contract between the Donnelley Corporation and the Telephone Company to perform the services, contracted for by the Telephone Company with the plaintiff, the beneficiary.

It is argued strongly, that the listing in the Classified Section is merely an incident to the carrying out of the main contract for service and listing in the directory; that the listing of the subscriber's name is carried out by the listing under his name and telephone number in the white section; that the listing in the business section or classified section is merely incidental to the listing in the white section, and is for the benefit of the publisher, and an incidental benefit in a financial way to the Telephone Company, which company shares in the return of the revenue for advertisements, and that the classification is largely for advertising purposes. This may have been the idea in the minds of the defendant corporations, but it is not the contract, as presented in the evidence of the written terms thereof and the testimony given by the witness Loyal S. Martin.

It was pleaded and has been proven that the plaintiff was entitled under the contract for a business telephone to a business listing under the proper heading. This, he did not receive.

Something is claimed for the fact that the jury in the first instance returned a verdict against the Donnelley Corporation only, and made no finding with reference to the Telephone Company. Thereupon, the trial court remanded the jury for further consideration to pass upon the liability of both defendants. And it is urged that the court had no power to do this, since the first finding, against the Donnelley Corporation was a verdict or finding in favor of the defendant Telephone Company. Since the trial court set aside the verdict and granted the motions for a new trial, it is unnecessary to discuss this question further.

Our conclusion is, that the trial court was correct in overruling the motions for judgment, notwithstanding the verdict, and that judgment is affirmed.

TATGENHORST, PJ, and ROSS, J, concur.