285 P.2d 127

Thomas F. KIRKHAM, Administrator of the Estate of William Kirkham, Deceased, Plaintiff and Respondent,

v.

Orien A. SPENCER and Viola Spencer, his wife, Defendant and Appellant.

No. 8291.

Supreme Court of Utah.

June 27, 1955.

Sandgren, Howard & Frazier, Provo, for appellant.

Harvard R. Hinton, Lehi, Glenn M. Acomb, Salt Lake City, for respondent.

WORTHEN, Justice.

Appeal from a judgment by the court sitting without a jury in an action for unlawful detainer. Plaintiff's decedent sold the premises to defendants under a written contract requiring monthly payments of $65 per month or more, commencing February 1, 1952, together with interest at 5 per cent per annum upon the unpaid balance.

Defendants answered alleging payment of the monthly installments to August, 1953, and on August 21, 1953, the sum of $4,800.

A pretrial was had and the only issue of fact reserved for trial was whether or not the defendants paid to plaintiff's decedent during the month of August, 1953, the sum of $4,800. If this sum was not paid defendants were in default in a substantial amount; if the sum was paid defendants were not in arrears.

The trial court found the reserved issue of fact in favor of plaintiff. Defendants assail the judgment on two main points. First, the refusal of the court to grant defendant's motions to dismiss—one made at the conclusion of plaintiff's case in chief and the other after both parties had rested. Second, the court's order reopening the case on its own motion and in designating the

manner, kind and amount of evidence that the court desired.

The defendant offered and the court received defendant's Exhibit 3 which was in words and figures as follows:

"August 21, 1953
"Received of Orien Spencer
"Forty-eight Hundred Dollars
"Final payment on home.
"Principal to be adjusted and Deeds to be received.
"$4800.
"(s) William Kirkham"

Testimony was offered to the effect that the receipt was signed by William Kirkham, the decedent; defendant admitted that the body of the receipt was not written by the person who signed the receipt.

After the evidence was presented and the arguments were concluded the court took the case under advisement on October 18, 1954, and on the following day made an order for taking further evidence, which order read in part as follows:

"The Court having heard the evidence offered by both parties to this cause, * * * and having examined and weighed the evidence presented, and being satisfied that evidence upon two points not adequately supplied the Court * * * is or should be available to the parties * * * and that such evidence will be of great assistance to the Court in determining the merits of this cause, it is now therefore ordered

"That the respective rests of the parties be and are hereby set aside in order to give the respective parties an opportunity to present evidence upon the following points, to-wit:

"1. Evidence concerning the possession by the defendants of the sum of $4800. in cash which could have been, or which probably was, paid to deceased on or about the 21st day of August, 1953.

"2. Further evidence of the search by plaintiff and/or the heirs of the decedent made either before or after the bringing on of the cause for trial to discover the possession of $4800. in money in the decedent after the 21st day of August, 1953, including banks in the cities of Lehi, American Fork * * *"

Counsel for appellant assigns this as error.

The scope of our Utah Rules of Civil Procedure, U.R.C.P., is declared in Rule No. 1 to be:

" * * * They shall be liberally construed to secure the just, speedy, and inexpensive determination of every action."

During the argument on October 18th, the court stated:

"I am not sure that I won't order the case re-opened, to present any evidence that may be competent and admissible as to the source of the defend-

ant's obtaining $4800. I am not sure that I won't do that, sua sponte, because I think that that definitely could have assisted the Court to a very material extent, without running in at all to the Dead Man's Statute, and it may be that I will conclude that I'd like to have that done. If in the meantime counsel considers that the matter should be looked into, I'd be glad to entertain it, and save the Court a sua sponte order."

Rule 59(d), U.R.C.P., provides:

"Not later than 10 days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and in the order shall specify the grounds therefor."

It would seem to violate the spirit of our rules to hold that the trial court could in this case enter a judgment and then grant a new trial in order to receive in evidence testimony it deems essential for the proper disposal of the case and still be barred from reopening and receiving such additional evidence without retrying the entire cause.

This position is not inconsistent with that of the Federal Court in the case of Schick Dry Shaver, Inc., v. General Shaver Corporation.[1] In that case, after the matter had been submitted, the defendant made application to show cause " 'why further testimony should not be taken herein and the parties further heard' ". The court said:

"Feeling as I do that these issues need clarification and that the Court needs and will welcome further enlightenment, and since there has not yet been handed down any decision, it seems to me that the only just and speedy and proper manner of deciding this case will be to take further testimony on any and all basic issues in this cause, with equal opportunity to both sides to enlighten the court. I, therefore, set Monday, January 9, 1939, * * *."

We are of the opinion that the court committed no error in reopening the case.

Further, looking at the facts in the light most favorable to the respondent, the trial court was justified in concluding that the payment of $4,800 claimed by appellants was not made.

Judgment affirmed, costs to respondent.

McDONOUGH, C. J., and CROCKETT and WADE, JJ., concur.

HENRIOD, Justice.

I concur in the result for the reason that I am of the opinion there was sufficient evidence to sustain the judgment without re-

1. D.C., 26 F.Supp. 190.

opening the case. However, I doubt the propriety of reopening a case for the purpose of urging an alleged payor to explain where he obtained the money with which he pays his bills, or for the purpose of urging an alleged payee or a representative of such payee to do more searching in an effort to find money alleged to have been paid. In the one case, the payor would seem to be placed in the position of being under suspicion of the court, and probably at a disadvantage, if he refuses to explain where he obtained the money, even though in fact he had sufficient money to make payment, and in the other case it would seem that the court opens the door to possible perjury, implying that if the payee reports back that he could find no money, such negative testimony would be given weight in establishing non-payment.

It occurs to me that the main opinion may be laying down a possible objectionable rule that might be used in all cases of disputed payments, which would require everyone displaying a receipt or otherwise claiming payment to explain how and where he got the money to make the payment, and that if he did not make such explanation, such failure would be used as evidence showing non-payment.