290 P.2d 448

**Howard K. HILL, Plaintiff and Respondent,**

v.

**William VARNER, Defendant and Appellant.**

No. 8377.

Supreme Court of Utah.

Nov. 29, 1955.

George B. Handy, Ogden, for appellant.

Richard W. Brann, Ogden, Amicus Curiae, for respondent.

McDONOUGH, Chief Justice.

Defendant, upon a counterclaim tried to the court, recovered judgment against plaintiff for damage to his truck in a collision; but the lower court held that inasmuch as he had not proved the amount of his loss

1. Checketts v. Collings, 78 Utah 93, 101, 1 P.2d 950, 75 A.L.R. 1393; Openshaw v. Openshaw, 80 Utah 9, 12 P.2d 364.

with reasonable certainty that he was entitled only to nominal damages of $5. Defendant appeals, alleging that the damages awarded are inadequate.

There is apparently no question as to the fact that appellant sustained a compensable injury. Witnesses testified that the truck was "wrecked" and "damaged," that "a wheel was bent back underneath, the fender was ripped, the bumper was broken," and the appellant testified in his own behalf that damage included the front bumper, front fender, front wheel and tire and rim, axle, spring, front grill, frame and steering rod. Respondent, who was present at the accident, neither proffered contradictory evidence nor attempted impeachment of this evidence, and thus we accept the extent of damage delineated as true. However, the appellant was not very helpful to the lower court in offering evidence as to the amount of money which would compensate him for his loss: he testified, as owner of the vehicle, that the truck was worth $1,200 before the accident and $700 after the accident; he testified, as an experienced automobile mechanic, that the cost of repairing the truck would be $500; and he testified that as a result of the accident he had given up an independent hauling business which netted him $40 to $50 per day. He offered neither independent opinions as to the values nor an itemization as to the cost of repairing the various parts, except that a new axle would cost approximately $30 or $40, by which the court could test the validity of his opinions.

Furthermore, his credibility probably suffered somewhat in the view of the court from the facts of self-interest, vagueness, and the improbability inherent in his testimony that he was unable to obtain the money necessary to repair his truck or rent another to mitigate damages and continue a profitable business which had netted him nearly $1,000 per month for the prior six months. Certainly the trial court, as trier of the fact, was justified in not accepting as true, though uncontradicted, his evidence as to his damages for loss of use of the vehicle. However, as stated above, there is nothing in the record refuting the facts of physical damage which the trial court determined was due to respondent's negligence. It is not within our province to determine just what amount would compensate appellant for his injury; the question to be decided is whether, under the state of proof, appellant was entitled to more than nominal damages as a matter of law.

The fundamental principle of damages is to restore the injured party to the position he would have been in had it not been for the wrong of the other party, Park v. Moorman Mfg. Co., Utah, 241 P.2d 914, 40 A.L. R.2d 273, and the proper measure of damages for injury to personalty not entirely destroyed is the difference between its value immediately before and immediately after injury, Angerman Co., Inc., v. Edgemon, 76 Utah 394, 209 P. 169, 79 A.L.R. 40. In some instances, proper repair will restore the market value of the property, but the plaintiff can recover, not only the reasona-.

ble cost of repairs, but also depreciation in market value, if any, after repair, Metcalf v. Mellen, 57 Utah 44, 192 P. 676. In the present case, it is apparent that appellant regards his damaged truck as being capable of complete repair, for his testimony as to the diminution in value and cost of repair are the same.

The real difficulty in this case is whether damages have been proved to the degree of certainty required in cases of this type. The rule is stated in the Restatement of the Law of Torts, sec. 912:

"A person to whom another has tortiously caused harm is entitled to compensatory damages therefor if, but only if, he established by proof the extent of such harm and the amount of money representing adequate compensation with such certainty as the nature of the tort and the circumstances permit."

Respondent cites to us two West Virginia cases in which the proof of loss through damage to automobiles was based upon a general, unitemized estimate and verdicts awarded substantial damages in accordance with the estimates. On appeal by the losing parties, the Supreme Court of West Virginia reversed and granted new trials on the grounds that the evidence·was insufficient to sustain the judgment for damages. Ripley v. C. I. Whitten Transfer Co., 135 W.Va. 419, 63 S.E.2d 626; Tingler v. Lahti, 87 W.Va. 499, 105 S.E. 810.

This court, in Orient Mining Co. v. Freckleton, 27 Utah 125, 74 P. 652, while sustaining a decree quieting title to water in plaintiff, reversed and remanded the case on the issue of damages awarded in the amount of $250, ordering that the lower court take further evidence on the question.

It is obvious that monetary loss because of injury to a chattel is capable of more certain proof than is the loss incurred because of a trespass to a water right or elements involved in bodily injury, and plaintiff should be held to that higher degree of proof. However, here we have an instance of substantial damage proved but only nominal damages awarded, where the general knowledge of the trier of the fact and all men must indicate a loss beyond the mere invasion of a legal right for which nominal damages are generally awarded. In all cases where damages are in dispute, the injured party is ofttimes inclined to exaggerate his claim and the tortfeasor to minimize it, the trier of the fact must resort to his own general knowledge of values in order to conclude the litigation. IX Wigmore on Evidence, sec. 2570. One of the illustrations included in The Restatement of the Law of Torts, sec. 912, supra, indicates that the rule of certainty should not be applied contrary to the dictates of reason:

Illustration 1, p. 578. "A intentionally kills B's dog. No evidence is introduced as to the value of the dog. B is entitled only to nominal damages, unless the description of the dog by

witnesses is such as to indicate that it has some substantial value."

Although the amount of damages to be awarded is a question of fact, appellant has shown that he is entitled to some compensatory damages.

The case is reversed and remanded for a new trial on the issue of damages alone. Each party to bear his own costs.

WADE, J., concurs.

CROCKETT, Justice (concurring specially).

It is with considerable reluctance that I concur in the order directed by the opinion of the Chief Justice. In order to reverse the judgment it should appear that defendant so clearly established his damages as to make a finding in accordance therewith imperative.[1] In addition to the frailty of self-interest, the defendant's evidence was such that the trial court could, and undoubtedly did, regard his extravagant claims in his own behalf as so irresponsible that it tainted his whole testimony so the court would not base a finding on his testimony concerning damages.[2]

The rule which is generally recognized that an owner may testify to the value of his property is a rule of expediency and its soundness, in many instances, is to be doubted. Unless the witness shows that he actually has some knowledge of the matter, it requires but a moment's reflection to see that mere ownership of property, which may have been acquired by heirship or other means giving no special knowledge of its value, obviously does not give such an owner any superior knowledge or make him an expert with respect to the value of property or damages to it.

The defendant failed to present any credible evidence concerning the damages, except his own statements, the weakness of which has been adverted to above. The trial judge apparently concluded that there was no satisfactory evidence upon which he could make a finding, and in the absence of such proof, awarded only nominal damages. There is authority that such was the proper thing to do under the circumstances.[3]

My hesitance to concur in the order made is further accentuated by the fact that the defendant made a motion for a new trial on the ground that adequate compensatory damages should have been awarded, but did not accord the court the courtesy of appearing to argue the motion or to give an opportunity to suggest that some satisfactory proof of damages should be presented. Under older concepts, it is my opinion that the defect in proof would have been fatal and that the judgment would of necessity have been affirmed.

Notwithstanding the foregoing considerations, I bring myself to concur in the or-

1. 5 C.J.S. Appeal and Error, § 1657, p. 722.

2. Ripley v. C. I. Whitten Transfer Co., 1951, 135 W.Va. 419, 63 S.E.2d 626.
3. 6 Blashfield, Sec. 3431, p. 88

der made because of the fact that the trial court did find the plaintiff liable, and that it is incontrovertible that there was some substantial damage.[4] Although the court did state to the parties that he was concerned with the "quantum" of the proof of damages, he did not comment with respect to the quality or credibility of the evidence which had been received. The fact that the plaintiff's own testimony as to damages was admitted over objection may have lulled his counsel into believing that he had made some satisfactory proof thereof. The view of the Chief Justice and my concurring colleagues that if the trial court had regarded defendant's evidence of damage as wholly unsatisfactory, that should have been made plain, and an opportunity afforded to present further evidence, does tend toward a final just result. Even though counsel may have been at fault in failing to assist the court in the regards I have pointed out above, courts must be more interested in seeing that justice is done than in applying technical rules of procedure between the parties. I therefore concur in the order remanding the case to give defendant a further opportunity to present evidence on the question of damages.

WORTHEN, Justice (concurring and dissenting).

I am of the opinion that the judgment should be reversed and the case remanded for further proceedings.

I am unable to agree, however, on the matter of costs and believe that the defendant should recover costs, being the prevailing party in this court.

I am not only unable to agree with Mr. Justice HENRIOD that the testimony of defendant is entirely unworthy of belief, but I am likewise out of accord with the opinions of Mr. Chief Justice McDONOUGH and Mr. Justice CROCKETT. In my opinion plaintiff's counsel on cross examination elicited testimony sufficient to support a judgment in defendant's favor in excess of nominal damages as follows:

"Cross Examination

"By Mr. Brann:

"Q. Now Mr. Varner, I believe you stated that your truck was worth $700.-00 immediately following this collision, didn't you? A. After the collision?

"Q. After the collision. A. Yes.

"Q. And yet you estimated the cost of repairs to be $500.00; is that correct? A. That was the bids I got, yes sir.

"Q. Now, Mr. Varner, you say that you're a mechanic, and have been a mechanic for some 23 years? A. Yes sir.

"Q. You said that you rented a garage down here for a month and a half? A. Yes sir.

---

4. See Annotation 78 A.L.R. 858 et seq. cases dealing with certainty of right to recover, uncertainty as to proof of amount of damages.

"Q. That was an automobile garage, was it? A. Yes sir. 12th and Wall.

"Q. Did you attempt to repair your truck yourself at any time? A. Yes sir.

"Q. Why didn't you repair it down at this garage then? A. I couldn't raise the money to finish it. I did put a spring under and a few things.

"Q. Mr. Varner, tell me and the Court something about this business of mechanic. What is it that costs the most, labor or materials, when you repair a motor vehicle? A. Well, just depends on what's wrong with it.

"Q. Well, on your truck how much would it have cost for the actual materials only to repair that truck? A. Oh, around $350.00. $400.00.

"Q. Now would you please tell the Court what these damaged parts consisted of? A. A front grille, a bumper, straighten the frame, one front axle, one spring, steering rod, one new tire and wheel, and one fender.

"Q. Now the fender wouldn't have been necessary to operate this truck, would it? A. No sir.

"Q. You could have straightened the frame yourself, couldn't you? A. If I had the equipment to do it with.

"Q. Have you ever looked around for a second-hand axle? A. Yes sir.

"Q. You didn't find one? A. No sir.

"Q. How much would a new axle cost? A. Approximately $30.00 or $40.00.

"Q. $30.00 or $40.00? A. Yes sir.

"Q. Now you have qualified, you know, as an expert? A. Yes.

"Q. You know what the price of that is, don't you? Now you tell the Court what the price of an axle is, that you could buy from a wholesale house, and doubtless you could. A. Oh, around $30.00.

"Q. About $30.00? A. Yes sir."

Unless this court is ready to say that the trial judge, in face of the testimony just referred to had the case been tried to a jury, could have instructed the jury that defendant was not entitled to any compensable damages because they could not believe defendant's testimony due to its uncertainty, but should bring in a verdict of nominal damages in the amount of $5.00, then there is no basis for hesitancy in reversing the case and awarding defendant his costs.

In my opinion there is a further reason why the case should be reversed. In fact, I am of the opinion that the case should never have been permitted to reach this court.

After the evidence was in and the matter had been argued by counsel for the resper-

tive parties, the trial court observed that he had doubt that either plaintiff or defendant had sustained a burden of proof as to actual damages suffered by the parties. The court further observed:

"He comes in here and states he suffered so many dollars damages. Yet there isn't a scintilla of evidence before this Court upon which to break down and establish a precedent for awarding damages. You haven't given to this Court the cost of one replacement for this truck. You haven't given to this Court one scintilla of evidence to establish the amount of labor which would be necessary to repair this truck. He says he's an expert and can do it himself. Probably he can, but what evidence does the Court have outside of this bald-faced statement, * * *."

The court then ordered the respective counsel to brief the matter as to whether proof of damages had been established and added:

"* * * *Now whether you could have got additional proof I don't know,* * * *." (Emphasis added.)

After the statement just quoted one or both of the attorneys should have asked to reopen to offer additional testimony.

I am of the opinion, however, that since counsel made no motion for leave to offer additional testimony the trial court should have advised counsel that the case would be reopened to afford either to submit additional evidence on the question of damages if desired.

This court in the case of Kirkham v. Spencer [1] sustained the action of the trial court, after taking the case under advisement, in setting aside the respective rests of the parties, in order to give the respective parties an opportunity to present further evidence upon two points indicated by the court.

In that case we observed, "The scope of our Utah Rules of Civil Procedure, U.R.C.P. is declared in Rule No. 1 to be:

"'* * * They shall be liberally construed to secure the just, speedy, and inexpensive determination of every action.'"

HENRIOD, Justice (dissenting).

I dissent, respectfully suggesting that the defenses enumerated in the main opinion in its support are not consonant with the very rule it lifts from the Torts Restatement, which requires, for recovery of compensatory damages, at least a certain degree of certainty of proof.

The main opinion suggests that "the appellant was not very helpful" in showing the monetary extent of his loss and that "he offered neither independent opinions as to the values nor an itemization as to the cost of repairing the various parts, except that a new axle would cost approximately

1. 3 *Utah 2d* 399, 285 P.2d 127, 128.

$30 or $40, by which the court could test the validity of his opinions," and that "his credibility probably suffered somewhat in the view of the court from the facts of self-interest, vagueness, and the improbability inherent in his testimony" to the effect that he couldn't get repair money to continue a business netting $1000 per month. In addition, suggests the main opinion, "the trial court, as trier of the fact, was justified in not accepting as true, *though uncontradicted,* his evidence as to his damages for loss of use of the vehicle." With all these objections to the testimony, the main opinion nevertheless sends the case back for another trial.

Add to what seems to be most self-serving testimony the fact that defendant made no claim until sued 14 months after the accident, when he had not repaired his truck, tempts one to believe that the trial court may have overindulged itself by awarding even $5 damages. What may be worse, it seems to me, is that in sending the case back for a new trial, the defendant is given two whacks at his claim, and he virtually is told how to prove his damages the next time, a job which he so effectively neglected or could not accomplish before.

Nor, in may opinion, is the concurrence of Mr. Justice CROCKETT sound. He assigns reasons, as does the main opinion, why defendant should lose, only to say he should be given another chance to try his case. He must have assumed that this case was decided on some kind of technicality rather than on the merits when he says "courts must be more interested in seeing that justice is done than in applying technical rules of procedure between the parties." Such philosophy is dandy for the defendant here, but hardly convincing either to plaintiff, this writer or the trial judge, who may have felt that he, too, was interested in seeing that justice was done rather than in applying technical rules of procedure,—and that he was seeing to it that justice was done in this case.

At the expense of being dubbed the proverbial Jim with whom all were out of step, I can neither agree with the opinion of Mr. Justice WORTHEN, except that portion which is in disagreement with Mr. Chief Justice McDONOUGH and Mr. Justice CROCKETT, disagreeing with him, of course, as to that portion which disagrees with Mr. Justice HENRIOD. Mr. Justice WORTHEN quotes some of defendant's testimony which, it is suggested, is lifted out of context, observing that "In my opinion plaintiff's counsel on cross examination elicited testimony sufficient to support a judgment in defendant's favor in excess of nominal damages." Such statement can mean but one thing: That the trial judge *had to believe such testimony.* If taken *in context,* such testimony, along with such absurd representations that defendant could not get his truck repaired at a cost of not more than $500, when he was an expert mechanic, while he was losing $1,000 a month because of the lack of repairs, and

that the truck was still unrepaired after 14 months, is no more worthy of belief, a part of his testimony being so ridiculous as to justify any reasonable person in discounting it all.

Also I must take issue with the following statement of Mr. Justice WORTHEN: "Unless this court is ready to say that the trial judge, in face of the testimony just referred to had the case been tried to a jury, could have instructed the jury that defendant was not entitled to any compensable damages because they could not believe defendant's testimony due to its uncertainty, but should bring in a verdict of nominal damages in the amount of $5.00, then there is no basis for hesitancy in reversing the case and awarding defendant his costs."

The statement indulges in the unwarranted assumptions that: (1) The testimony quoted was the only testimony and evidence that could be canvassed in arriving at a decision; (2) that the trial court should not have been allowed to be the fact finder in this case; (3) that there was no competent evidence or the lack of it to justify the trial court's decision, as viewed through the eyes of a reasonable trial court; (4) that the trial court arbitrarily and capriciously weighed, or was incapable of weighing the evidence; and (5) the trial court had no business taking into account the demeanor of the witnesses, etc.

Let it be remembered that the trial court was the jury in this case and it does no good to inquire as to what the trial court could, should, might, may or ought to have instructed the jury had there been one, and hence the test he puts is not a correct one. This case appears to have been one where credibility played an important role, and had there been a jury I am convinced the trial court would not have instructed it as Mr. Justice WORTHEN would have us believe he must have done, since credibility being a matter for the trier of the facts, it would have been a matter for the jury, and not the trial court, on controverted evidence or that kind of evidence that is subject to more than one interpretation.

Again I believe Mr. Justice WORTHEN to be in error when he would send this case back for a new trial because "one or both of the attorneys should have asked to reopen to offer additional testimony", and the court did not require them to bring in more evidence. Who are we to say what the attorneys should or should not have done. It may be that both attorneys felt their chances were better by remaining silent, and it is not for the appellate tribunal to insist that they should have spoken. Mr. Justice WORTHEN attempts to support his thesis by quoting Kirkham v. Spencer, which, he says, "sustained the action of the trial court * * * in setting aside the respective rests of the parties, in order to give the respective parties an opportunity to present further evidence upon two points: * * *." Sustaining the trial court in reopening a case is a far cry from reversing a trial court for not reopening, making it quite obvious that Kirkham v. Spencer is in no respect pertinent or controlling here.

Many times we have said that if there is any substantial evidence or lack of it which will support the trial court's decision, we

will affirm him. Many times we have said that we will affirm the trial court if he has not acted unreasonably, arbitrarily or capriciously. To be consistent we must say, in reversing this case, that the trial court's decision was the result of unreasonableness, arbitrariness or capriciousness. How one can be arbitrary and capricious in failing to find a definite amount of damages, when he has nothing to deal with except indefiniteness, vagueness and evasion, is difficult for me to understand, and having only before him what the parties presented with full opportunity to have presented anything and everything they desired, it seems that a trial court should not be compelled to act as nursemaid to a party who either won't or can't present any better case than did the defendant in this instance.