309 P.2d 802

Calvin GOULD, Plaintiff and Appellant,

v.

The MOUNTAIN STATES TELEPHONE & TELEGRAPH COMPANY, a Public Utility Corporation, Defendant and Respondent.

No. 8600.

Supreme Court of Utah.
April 11, 1957.

Richard W. Brann, Ogden, for appellant.

Grant H. Bagley, Salt Lake City, for respondent.

WORTHEN, Justice.

Appeal by plaintiff from a judgment setting aside a jury verdict in the amount of $2,000 and substituting therefor a verdict for nominal damages only, against defendant, in the amount of $75.00. Plaintiff asks that the verdict of the jury be reinstated. Defendant contends that there is no evidence to support the jury's verdict, and that an award of $75.00 is not an award for nominal damages, and asks that it be set aside and a judgment be. given against it for the sum of $1 only.

Plaintiff in the court below sued defendant alleging a breach of contract by defendant to list plaintiff in the classified section of the 1956 telephone directory of the Ogden, Utah metropolitan area. Plaintiff's name, business address, business telephone, residence address and residence telephone were properly and correctly listed in the "white pages" alphabetical listings, but plaintiff's name, business address and business telephone were not listed at all in the classified section or "yellow pages."

Plaintiff alleged as his sole damage loss of profits from his profession of attorney and claimed $3,000 loss of past profits, $5,000 loss of prospective profits and $5,000 punitive damages. The matter was submitted to the jury who returned a verdict for plaintiff in the sum of $1,000 loss of past profits and $1,000 loss of prospective profits and no punitive damages. The trial court upon motion of defendant for a new trial, set aside the verdict of the jury and awarded plaintiff nominal damages, only, in the sum of $75.

Defendant on this appeal concedes its liability to plaintiff, but states that plaintiff failed to prove substantial damages and further contends that an award of $75 in the guise of nominal damages was clearly error.

We agree with defendant's contention that an award of $75 is not an award of nominal damages. Nominal

damages is a trivial sum such as one cent or one dollar awarded to a plaintiff whose legal right has been invaded but who has failed to prove any compensatory damages.[1] We hold that one entitled to nominal damages only may not be given $75.[2]

The sole remaining question is whether the trial court erred in setting aside the jury verdict for compensatory damages and in entering a judgment for nominal damages only. In order to properly consider this question a brief statement of the facts is essential.

Plaintiff is an attorney practicing law in Ogden, Utah. He was admitted to the Bar on July 12, 1953, and has been practicing law in Ogden since September 25, 1953, except for a period from December 15, 1954, to May 1, 1955, when he was employed as a claims adjuster by Allstate Insurance Company in Salt Lake City, Utah. He testified that during May, 1955, his gross income from practice was about $200 per month and this increased generally until October when his earnings totalled $350 and that all this income was from "new business." He further testified that after the omission of his name from the new telephone directory which was distributed in December, 1955, his gross income from new business dropped to where it totalled only $169.90 for the three months

of December, 1955, January, 1956, and February, 1956.

In March, 1956, plaintiff moved his office and was assigned a new telephone number. He stated that in his opinion he was losing $200 per month gross fees by reason of not being listed in the yellow pages of the telephone directory.

Plaintiff testified that his actual cash receipts increased during December, 1955, January, 1956, and February, 1956, to $266.59, $300.36 and $989.85, respectively, but that this increase was due to the fact that he settled a negligence case for a fee of $750 in February, 1956, which had been in his office prior to the issuance of the 1956 directory.

Glenn Adams, another Ogden attorney, testified for plaintiff that because plaintiff's name was not in the yellow pages, several cases that he would otherwise have referred to plaintiff were referred to other young attorneys instead. However, these were cases where the fee "at most could be $25.00 or something." He testified that these were cases that either he didn't desire to handle because of the paucity of the fee involved or couldn't handle because he was representing clients with adverse interests.

One of defendant's employees called by plaintiff as an adverse witness testified

1. Chesapeake & Potomac Telephone Co. v. Clay, 1952, 90 U.S.App.D.C. 206, 194 F.2d 888.

2. Price v. McComish, 22 Cal.App.2d 92, 70 P.2d 978, 982.

that the yellow pages were extensively advertised by defendant and that the nature of the advertisements was to "ask people to refer to the yellow pages for advertisements, to look there for various products, services, supplies, etc." Defendant also advertised on the front page of the yellow pages that "because it's so easy, 9 out of 10 people use the yellow pages when looking for thousands of other products or services." Said employee also testified that there were roughly 37,000 telephones in the Ogden vicinity and that these telephones served a population of about 100,000. The 1956 Ogden directory which was introduced into evidence shows approximately 50 attorneys listed under "Lawyers" in the yellow pages.

Upon the foregoing testimony of damage the plaintiff rested. Defendant contends that the evidence cannot support a verdict for compensatory damages, stating that damages must be proved with reasonable certainty, and that any award of damages upon the foregoing facts must be necessarily based upon speculation and conjecture.

Defendant calls to our attention two cases involving failure on the part of telephone companies to properly list subscribers in directories. In Shealy's Inc., v. Southern Bell Telephone & Telegraph Co., D.C., 126 F.Supp. 382, 386, defendant omitted from its directory plaintiff's advertising. After the omission, plaintiff divided its gross sales into "local" and "transient" business. Plaintiff then introduced a statement to the effect that plaintiff's transient sales dropped to $14,730.78 and that for the same period the preceding year these had been $16,377.81, although other business had increased 60% from the preceding year.

The court held that this evidence was not sufficient to show a causal connection between the omission of directory advertising and a drop in sales. The court said:

"* * * Plaintiff did not allege, nor did it prove the specific loss of a single sale or service operation, but bases its entire claim upon the conjecture that there were such losses and that the losses would not have occurred had the advertisement been inserted in the directory.

"* * * Since the plaintiff has failed to introduce any evidence even tending to show that its gross sales would have been increased had the advertisement been published, the mere fact that the gross profits for a preceding period were in excess of the gross profits for the period during which the advertisement was omitted from the directory is insufficient to show that the decrease in gross profits was the proximate result of the defendant's failure to publish the advertisement. Their causal relation to the breach is purely speculative."

In Schwanke, Inc. v. Wisconsin Telephone Co., 199 Wis. 552, 227 N.W. 30, 31, 68 A.L.R. 1320, plaintiff operated a jewelry store. The telephone company published plaintiff's name correctly in the directory, but also published the same number for another business. Plaintiff thereafter was harassed with calls for the other business to such an extent that the telephone company changed both numbers. Plaintiff sued to recover both for the expense of employees' answering the telephone on calls intended for the other business and for loss of profits caused by the difficulty customers had in reaching plaintiff's store after the telephone company had assigned plaintiff a new number.

Plaintiff recovered a verdict for $40 for time spent answering the telephone and $600 for loss of profits. The award for loss of profits was based upon evidence that sales for the period in question were less than those for preceding periods. No evidence was introduced to show that any sales were lost because of the failure of defendant to properly list plaintiff. The court upheld the $40 for time spent but reversed the award for loss of profits on the grounds of insufficiency of the evidence to support the verdict, saying:

" * * * Outsiders did have difficulty in reaching the store. This was due to some extent to the error in the telephone directory. * * * The record is barren of any evidence to indicate the loss of a single sale by reason of the error in the telephone book. The evidence furnishes no justification for a conclusion that plaintiff's sales were diminished by reason of such error. The amount awarded for this item of damages cannot stand."

■■ It will be noted that both cases are readily distinguishable from the instant case in that in both cases plaintiff introduced no evidence to show any causal relation between loss of profits and the error in the directory, whereas in the instant case plaintiff has shown that he lost some referral matters. Where the plaintiff has shown actual loss of business during the period as a result of defendant's breach of contract, he will not be denied recovery because the exact amount of damage cannot be readily ascertained.[3] To this effect is the rule laid down by this court that where the fact of substantial damage is shown, the court or jury cannot award nominal damages only on the ground that the amount of substantial dam-

3. Masterson v. Chesapeake & Potomac Telephone Co., 1924, 55 App.D.C. 23, 299 F. 890; Stein v. Diamond State Telephone Co., 4 W.W.Harr. 185, 34 Del. 185, 146 A. 737; Hiers v. Southeastern Tel. & Tel., 1950, 216 S.C. 437, 58 S.E.

2d 692; Tom Lee, Inc., v. Pacific Tel. & Tel., 1936, 154 Or. 272, 59 P.2d 683; Sommerville v. Chesapeake & Potomac Telephone Co., 1919, 49 App.D.C. 3, 258 F. 147; Vail v. Reuben H. Donnelley Corporation, 1937, 56 Ohio App. 219, 10

age has not been shown with reasonable certainty.[4]

▮ The rule against recovery of uncertain damages is generally directed against uncertainty with respect to cause rather than to measure or extent, so that a party who has broken his contract will not ordinarily be permitted to escape liability because of uncertainty in amount of damage resulting, and the fact that the full extent of damages for breach of contract must be a matter of speculation is not a ground for refusing all damages.[5]

In Chesapeake & Potomac Telephone Co. of Virginia v. Carless, supra, the telephone company wrongfully discontinued plaintiff's service and the court upheld an award to plaintiff of $600.00, although plaintiff had not proved any direct pecuniary injury. The court said [127 Va. 5, 102 S.E. 570]:

"In Sommerville v. Chesapeake & P. Teleph. Co. (49 App.D.C. 3), 258 F. 147, * * * it is said:

"'* * * But * * * it does not seem reasonable that in these days, when a telephone is an indispensable adjunct to every line of business, the inevitable inconvenience, annoyance, and loss of time caused to a subscriber by the wrongful action of the company in cutting off his service without notice should not be regarded as a proper subject for compensatory damages. *To prove that one lost a certain number of dollars by reason of the company's action might be very difficult, and yet, we think, all reasonable men would say that he was injured thereby.'* * * *

"In the Hobart Case, [Cumberland Telegraph & Telephone Co. v. Hobart, 89 Miss. 252, 42 So. 35, 119 Am.St.Rep. 702] the only pecuniary loss of the plaintiff testified to in dollars and cents was this: The plaintiff said 'that, to his recollection, he spent $25 or $30 for messengers to send things home.' But there were numerous other occasions as to which he testified that he suffered annoyance and inconvenience by reason of being deprived of the telephone service, and he was allowed to recover $150 damages.

"'* * * The true rule on the subject is announced by the Supreme Court of Michigan in a well-reasoned case (Allison v. Chandler, 11 Mich. 542, 555). "Shall the injured party * * * be allowed to recover no damages (or

N.E.2d 239; Chesapeake & Potomac Telephone Co. of Virginia v. Carless, 127 Va. 5, 102 S.E. 569, 23 A.L.R. 943; Owensboro Harrison Telephone Co. v. Wisdom, Ky., 62 S.W. 529.

4. Hill v. Varner, 4 Utah 2d 166, 290 P.2d 448.
5. Kiser v. Amalgamated Clothing Workers of America, 169 Va. 574, 194 S.E. 727, 114 A.L.R. 1291; Burtenshaw v. Bountiful Irr. Co., 90 Utah 196, 61 P.2d 312.

merely nominal), because he cannot show the exact amount with certainty, though he is ready to show, to the satisfaction of the jury, that he has suffered large damages by the injury? Certainty, it is true, would be thus attained; but it would be the certainty of injustice. * * * Juries are allowed to act upon probable and inferential as well as direct and positive proof. And *when, from the nature of the case, the amount of the damages cannot be estimated with certainty * * * we can see no objection to placing before the jury all the facts and circumstances of the case having any tendency to show damages, or their probable amount, so as to enable them to make the most intelligible and probable estimate which the nature of the case will admit." ' "* (Emphasis added.)

■ The question of excessive verdict must rest within the sound discretion of the trial judge or with this court if abuse of discretion occurs.

■ The rule remains, however, proof of loss of profits must not be completely speculative nor uncertain as to fact, although permissible as to measure or extent, and on the present state of proof it appears that the award for loss of prospective profits is wholly speculative and cannot be allowed. The prospective profits were based on the speculative assumption that the potential clients lost through non-referral would have resulted in the referral of other clients or business by the clients presumably lost.

■ Plaintiff has not shown a single instance of the loss of prospective business caused by the defendant's breach, and any award for loss of prospective profits must necessarily be based upon speculation and conjecture. The award for loss of prospective profits by the jury on the present state of the proof is clearly the result of speculation and conjecture.

■ The award of $1,000 by the jury for loss of past profits, although supported somewhat by the testimony of plaintiff and Glenn Adams, appears to us to be clearly excessive. Since plaintiff has not proved that he is entitled to prospective profits, we are of the opinion that any damage awarded plaintiff must be limited to the period from December 9, 1955, to March 3, 1956, when plaintiff moved his office and was assigned a new telephone.

Plaintiff testified that in his opinion he was losing $200 per month gross fees by reason of not being listed in the yellow pages of the telephone directory. We are unable to see how an award in excess of $560 is warranted from the evidence.

The judgment of the trial court is reversed in so far as it sets aside the verdict for past profits lost, and affirmed in so far

as it sets aside the verdict for prospective profits lost.

However, we are of the opinion that the verdict for $1,000 past profits lost cannot be sustained. Therefore the judgment for $1,000 past profits lost is reversed and a new trial granted (with costs to appellant) unless appellant within 15 days from the date of filing this opinion files with the clerk of this court a remittitur (in the sum of $440) and agrees to accept a net verdict of $560. If such a remittitur is filed, the judgment well be modified in accordance therewith, and as modified, affirmed. Each party to meet its own costs.

McDONOUGH, C. J., and WADE, J., concur.

HENRIOD, J., dissented.

CROCKETT, Justice (concurring specially in favor of allowing future damages).

I am in accord with the principal holding of the main opinion that the jury verdict should be reinstated. However, it strikes a discord in my thinking to reject the future damages on the ground that it involves "speculation and conjecture." In one sense, of course practically everything in life involves conjecture as to the future. No one is sure he will be alive next week. Yet experience is such that we do not deem it unreasonable to assume that he will be. The law does not and cannot require absolute certainty. If we can predict circumstances with reasonable certainty, that is a sufficient foundation upon which to base our plans and actions. The traditionally accepted test of the law is that a fact may be found if reasonable minds may believe it by a preponderance, or greater weight of the evidence. This means that if it can reasonably be believed that it is more probable than not, or that it will with reasonable certainty occur, a finding of such fact is justified.[1] That is the test to apply in determining whether the evidence will support an award of future damages.

If we justify the finding of damages up to the time the error in listing was corrected, as the main opinion correctly does, it would be highly unrealistic to assume that the very next day the plaintiff's business would bounce right back to what it would have been had the failure to list his name not occurred. It would naturally take some reasonable time to adjust to what it normally would have been had the telephone listing been correctly maintained. For that reason, even though it may involve some degree of uncertainty, I think a reasonable view of the situation dictates the conclusion that at least some future damage was in fact suffered just as surely as past damages were caused.

I am also in accord with the idea expressed in the main opinion, that where substantial damage is shown to have resulted from the breach of a duty, the fact

1. Alvarado v. Tucker, 2 Utah 2d 16, 268 P.2d 986.

that the injured person may have difficulty in proving the amount of his damage should not redound to the benefit of the wrongdoer. Rather than conferring an advantage upon him, doubts should be resolved in favor of compensating the injured person for his injury. The best way to approach making such recompense is as quoted in the opinion of the court from the Chesapeake & Potomac Telephone Co. of Virginia v. Carless, "We can see no objection to placing before the jury all of the facts and circumstances of the case having any tendency to show damages, * * * so as to enable them to make the most intelligible and probable estimate which the nature of the case will admit."

It does not seem to me that we can say that the finding that future damages would be incurred is unsupported by substantial evidence or that it transgresses reason. That being so, we should not disturb the jury's finding even though we may feel that our own judgment is better. That privilege is given to the jury under our system of law, and so long as there is any substantial support in the evidence upon which to base their findings, without entirely departing from reason, it should be permitted to stand.

I would reinstate the verdict of the jury as indicated by Justice WORTHEN, but would also affirm an award of a reasonable sum as future damages.