## INDIAN TERRITORY ILLUMINATING OIL CO. v. TOWNLEY.

### No. 1302.

Circuit Court of Appeals, Tenth Circuit.

Dec. 20, 1935.

Harry D. Turner, of Oklahoma City, Okl. (J. H. Miley and Charles E. France, both of Oklahoma City, Okl., on the brief), for appellant.

William J. Crowe, of Oklahoma City, Okl. (James S. Twyford and Solon W. Smith, both of Oklahoma City, Okl., on the brief), for appellee.

Before LEWIS, PHILLIPS, and BRATTON, Circuit Judges.

PHILLIPS, Circuit Judge.

Townley brought this action to recover damages alleged to have been sustained as a result of the pollution by the Indian Territory Illuminating Company, of a small stream of water that flowed along the eastern boundary of his dairy farm.

From a verdict and judgment for Townley in the sum of $3985.50, the Oil Company has appealed.

Among the items of damages set up in the complaint were these:

"Loss of milk production........$3500.00
Expenses in procuring new water supply at 50 cents per day   365.00"

The Oil Company asserts the proof was insufficient to warrant the submission of such items to the jury.

There was substantial evidence that the permanent damage to the land alone was greater than the sum awarded by the jury. However, we cannot say that the jury did not take into consideration the evidence submitted as to loss of milk production and expenses incurred in supplying other water, and if the court erred in submitting those items, it is impossible to say that such error was not prejudicial. Consolidated Lead & Zinc Co. v. Corcoran (C.C. A.10) 37 F.(2d) 296, 299. We therefore pass to a consideration of the evidence.

There was substantial proof of these facts:

Townley established his dairy herd in 1924 with twenty head of cows. By the summer of 1929 he had increased it to seventy-five cows. In the fall of 1929 the Oil Company permitted salt water and other deleterious substance to escape from its oil fields into the stream. The cows had access to the stream and became adversely affected from drinking water therefrom. It was manifested by attacks of scours, followed by loss of appetite and flesh and decreased milk production. It caused chronic gastritis. Five of the cows died; their value was from $125 to $150 per head.

The other cows affected did not respond to treatment. Townley purchased additional cows, increasing his herd to 110, but they produced less milk than the herd of 75 had formerly produced.

The loss of milk production averaged from 200 to 250 quarts per day, and covered a period of fifteen to eighteen months. The price of milk was 15 cents per quart during the period, and Townley made a profit of two to three cents per quart. The decrease in milk production did not substantially reduce his expenses. He had a ready market for all the milk he could produce.

After Townley discovered the stream was polluted he fenced it off and pumped water from a well with an electric pump at a cost which he estimated to be one dollar per day.

160

■ The rule which precludes the recovery of uncertain damages applies to those that are not the certain result of the wrong, not to those which are definitely attributable to the wrong and only uncertain in respect of their amount.[1]

■ There was no uncertainty as to the fact that' the pollution caused a very substantial decrease in milk production and made it necessary for Townley to incur additional expense in providing other drinking water. The cause and existence of these items of damage were established with requisite certainty. The uncertainty was with respect only to the amounts of such damage.

But here it was impossible to prove with mathematical certainty the decrease in the milk production caused by the polluted water. Other factors entered into it to a minor degree. It was no doubt affected by weather changes, feed, and other ordinary events. The same was true with respect to costs. Most of the expenses continued notwithstanding the decrease in milk production. The plant investment, the upkeep thereof, taxes, insurance, and the feeding, care and milking of the cows were not affected. There was of course, less milk to care for, handle and distribute.

The cost of pumping the water was also incapable of exact proof. The labor, power, and other items that entered into it were a part of the entire daily operation. Power was employed in other appliances. The laborers performed other services. There could be no exact allocation of the expense.

Townley did not keep detailed records of his milk production per cow, and his

---

[1] In Hoffer Oil Corporation v. Carpenter (C.C.A.10) 34 F.(2d) 589, 592, the court said:

"The general rule is that, where the cause and existence of damages has been established with requisite certainty, recovery will not be denied because such damages are difficult of ascertainment. * * * 'The constant tendency of the courts is to find some way in which damages can be awarded where a wrong has been done. Difficulty of ascertainment is no longer confused with right of recovery.' * * * A reasonable basis for computation, and the best evidence which is obtainable under the circumstances of the case and which will enable the jury to arrive at an approximate estimate of the loss, is sufficient. * * * In such a case, the amount may be fixed by the jury, in the exercise of sound discretion, under proper instructions from the court."

In Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 51 S.Ct. 248, 252, 75 L.Ed. 544, the court said:

"It is true that there was uncertainty as to the extent of the damage, but there was none as to the fact of damage; and there is a clear distinction between the measure of proof necessary to establish the fact that petitioner had sustained some damage and the measure of proof necessary to enable the jury to fix the amount. The rule which precludes the recovery of uncertain damages applies to such as are not the certain result of the wrong, not to those damages which are definitely attributable to the wrong and only uncertain in respect of their amount. Taylor v. Bradley, 39 N.Y. 129, 4 Abb. Ct.App.Dec. 363, 366, 367, 100 Am.Dec. 415:

" 'It is sometimes said that speculative damages cannot be recovered, because the amount is uncertain; but such remarks will generally be found applicable to such damages as it is uncertain whether sustained at all from the breach. Sometimes the claim is rejected as being too remote. This is another mode of saying that it is uncertain whether such damages resulted necessarily and immediately from the breach complained of.'

" 'The general rule is, that all damages resulting necessarily and immediately and directly from the breach are recoverable, and not those that are contingent and uncertain. The latter description embraces, as I think, such only as are not the certain result of the breach, and does not embrace such as are the certain result, but uncertain in amount.'

"Where the tort itself is of such a nature as to preclude the ascertainment of the amount of damages with certainty, it would be a perversion of fundamental principles of justice to deny all relief to the injured person, and thereby relieve the wrongdoer from making any amend for his acts. In such case, while the damages may not be determined by mere speculation or guess, it will be enough if the evidence show the extent of the damages as a matter of just and reasonable inference, although the result be only approximate. The wrongdoer is not entitled to complain that they cannot be measured with the exactness and precision that would be possible if the case, which he alone is responsible for making, were otherwise."

See, also, Calkins v. F. W. Woolworth Co. (C.C.A.8) 27 F.(2d) 314.

costs and expenses. He could only testify from his knowledge thereof. He introduced the best evidence obtainable under the circumstances and gave the jury a reasonable basis for computing the damages.

We conclude the amounts of damages resulting from decreased milk production, and from expenditures for providing other water were established with sufficient certainty to warrant their submission to the jury.

The judgment is affirmed.