CRITZ *v.* SOUTHERN BELL TELEPHONE & TELEGRAPH CO.

(Division B.   Feb. 15, 1937.)

[172 So. 510.   No. 32592.]

(Division B. March 29, 1937.)

[173 So. 430. No. 32592.]

**G. E. Williams**, of Clarksdale, and **Everett, Forman & Everett**, of Indianola, for appellant.

**Edward W. Smith**, of Clarksdale, for appellee.

328

**Ethridge, P. J.**, delivered the opinion of the court.

Appellant, Mrs. W. H. Critz, owned a pressing and cleaning establishment in Clarksdale, which she leased to one B. Harrison, who operated it for a period, during which he incurred a telephone bill amounting to $23.65, plus $3.47 tolls, and then surrendered said lease and moved from the building. Appellant then took the business over, and, according to her testimony, she was presented, by the telephone company, with Harrison's bill, and she told them she did not owe this bill, that it had been incurred by Harrison; that she was not responsible therefor; and that the local manager at Clarksdale stated it was his error and he should have collected from Harrison, but did not charge off the account. She paid the current charges and the telephone was continued for a period, but this bill was constantly rendered with her monthly statements. Her testimony shows that she desired to sell the business, and contacted a prospective

buyer through her brother-in-law; that she went to Memphis and discussed the terms of such sale with the prospective buyer, and proposed to sell for the sum of $4,500, with $2,500 cash and the balance in monthly installments of $75 each, and after she returned to Clarksdale this prosepective buyer desired to inform her by telephone of his conclusion to accept the proposition to sell, but was told by the telephone operator that the appellant's telephone had been disconnected, and he decided that if the business was such that she could not pay her bills, he did not care to invest in it. He did not notify her of his purpose for the reason that he had been informed that her telephone had been cut off for nonpayment of her bills.

The appellant's testimony showed that when her telephone was cut off, she called the manager to know why, and that the manager said, "Hell, because you have not paid your bills. Damn it, I am cutting you off right now. I am cutting off your residence too." She further testified that two-thirds of her business was conducted over the telephone, and that it was absolutely necessary for her to have one to successfully conduct her business; that she offered to pay her telephone bill, but the company refused to receive it and to give her service unless she paid the Harrison bill.

It was alleged in the declaration that the appellant was damaged in the amount of $1,000, because of the humiliation and embarrassment she suffered, and loss in her business, and, in addition thereto, and because of the wrongful acts on the part of the appellee the appellant lost a sale, and suffered damage on account thereof in the sum of $2,200. Appellant also demanded punitive damages because of the removal of her telephone and the deprivation of its service, which she contends was intentional wrong, and also because of the rude, insulting conversation of the local manager at Clarksdale. She

offered a deposition of one George O. McLeary, who testified therein to the above-stated facts, that he would have purchased the business had he not concluded, because of the cutting off of appellant's telephone, that the business did not pay, and that he was ready, able, and willing to buy when he learned this, but this deposition was by the court excluded. There was no proof that the appellee had any knowledge of an agreement between McLeary and the appellant for the sale of the business. The court also ruled out her statement in reference thereto, on the ground that such evidence, as an element of damage, is not admissible, such damages being not recoverable, and thereupon, counsel made the following agreement:

"It is agreed by Counsel for the plaintiff and counsel for the defendant that the gist of the testimony to be offered by the plaintiff with reference to punitive damages be stated, and that the court then pass on the question as to whether or not the defendant would be liable for punitive damages, the testimony with reference to all the actual damages being claimed having been excluded." The record then states that on January 6, 1936, the local manager of the telephone company, J. M. Hurt, called appellant over her telephone and proceeded to notify her that said telephone was being disconnected, and in answer to appellant's inquiry as to why this was being done, answered in the rude and insulting manner set forth supra.

The court then granted a peremptory instruction for the appellee, the telephone company, from which this appeal is prosecuted.

The agreement between counsel quoted supra is not entirely clear as to just what was excluded. It seems to have been the idea of the court below that the testimony did not support a cause of action for actual damages. It is true that the claim, as to the loss of a sale as special

damages, was not recoverable as an item of damages, but the fact was admissible that the appellee had wrongfully disconnected appellant's telephone, and by reason thereof she lost a sale of her property; that her business was largely conducted by the telephone; and that this disconnection of her telephone constituted an injury to appellant for which she was entitled to compensatory damages of which the jury, under the facts of this case, were to be the judges, under the doctrine announced in the case of Cumberland Telegraph & Telephone Co. v. Hobart, 89 Miss. 252, 42 So. 349, 119 Am. St. Rep. 702. In this case, the telephone company wrongfully cut out a subscriber's telephone, and refused to reinstate it, and the court held that the company was liable, not only for actual damages, but also for the inconvenience and annoyance occasioned by the subscriber being deprived of the use of the telephone, and that a verdict for $150 was not excessive. In this case the bill was due by another. In the case at bar, according to the testimony of the appellant which is not disputed, the bill was due by Harrison; the appellant so notified the appellee, and its manager admitted to her that it was his error and that he should have collected from Harrison.

Under the facts of this record, and under the doctrine announced in the case mentioned supra, it was error for the court to exclude the appellant's evidence. It should have been submitted to a jury for a finding of damages for the inconvenience, annoyance, and loss of business occasioned by the wrongful deprivation of telephone service. See Alexander v. Western Union Tel. Co., 66 Miss. 161, 5 So. 397, 3 L. R. A. 71, 14 Am. St. Rep. 556, and Western Union Tel. Co. v. Allen, 66 Miss. 549, 6 So. 461.

The appellant, by her evidence, having shown actual damages, it was a question for the jury, under all the circumstances considered in connection with the rude

and insulting language used by the manager of the local telephone company, to say whether the company was liable for punitive damages.

Therefore, the judgment of the court below will be reversed and the cause remanded for a new trial.

Reversed and remanded.

**Ethridge, P. J.**, delivered the opinion of the court on suggestion of error.

It is here contended that there was neither allegation nor proof of damages for inconvenience, and that it was error to reverse the cause and remand it for another trial for the recovery of actual damages and the submission of the question of punitive damages.

In the declaration it was alleged that the plaintiff was engaged in the dry cleaning business, which was conducted by telephone almost exclusively; that she had paid the monthly rental for such telephone service and was not indebted to appellee. That under these circumstances, it was the duty of appellee to continue such service, but that, in disregard of its duty, knowing that the discontinuance of said service would result in ruin to her business, the said appellee disconnected said telephone, and that because thereof, she suffered damage in the sum of $1,000 and suffered further damage in the sum of $2,200 by reason of the fact that she was unable to consummate a sale of her said business.

The appellant's own version, according to her testimony, is as follows: "Q. Now tell the jury and the court whether, in the operation of a business of that character, a telephone is not necessary? A. Well, (a) telephone is very necessary in my business, because we have to contact with our customers over the telephone, and they have to call us to send our truck out for clothes to clean. We depend on our telephone, in fact, two-thirds of our

business is over the telephone. We have to depend on it for our business. Without a telephone, we could not do any business at all, but a very little bit, people coming by and giving us their business.''

Inconvenience, as an element of damage, does not have to be specifically alleged as such. It is sufficient to allege the facts constituting the right of action from which the damages flow. ''The legal consequences flow from the facts, and it is the province of the courts to ascertain and find the facts in order to determine the legal consequences. That is every day practice.'' Aetna Life Ins. Co. v. Haworth, 57 S. Ct. 461, 81 L. Ed. —.

The telephone business is affected with a public use, and it has become so extensive and general that it is a vital necessity. A company operating a utility may be subject to restraints different from a purely private business.

Under the facts of this case, on a new trial, the plaintiff, appellant here, would certainly be entitled to actual damages, which includes inconveniences, and it is not necessary to prove specifically the monetary value of such damages, as the jury, from the facts, constitutes an instrumentality for finding the value of damages for the violation of rights, and for the inconvenience suffered from the wrongful deprivation of telephone service by the appellant. If the jury finds that the Telephone Company knowingly and willfully removed the telephone of plaintiff, and that such conduct was oppressive and insulting, they could also find punitive damages.

The suggestion of error will, therefore, be overruled.