**UNITED STATES**
v.
**GRIFFITH, GORNALL & CAR-
MAN, Inc.**
No. 4704.
United States Court of Appeals
Tenth Circuit.

Jan. 6, 1954.

Rehearing Denied March 11, 1954.

**12**

A. Pratt Kesler, U. S. Atty., Salt Lake City, Utah (H. D. Lowry, Asst. U. S. Atty., Salt Lake City, Utah, on the brief), for appellant.

Richard D. Ruckenbrod, Salt Lake City, Utah, for appellee.

Before BRATTON, MURRAH and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

Griffith, Gornall & Carman, Inc., a Utah corporation, herein referred to as plaintiff, was engaged in the business of doing construction work. During the year 1951, it entered into a contract with the City of Clearfield, Utah, to lay a concrete water pipe line for a consideration of $43,000.00. The installation crossed lands adjacent to Hill Field, an Air Base operated by the United States Air Force. On Hill Field was a large area which was hard-surfaced from which water drained during rainfall. On October 3 and 4, 1951, there was a heavy rain and the drainage facilities were inadequate to remove the water from the Field. The extra water overflowed onto the area where plaintiff had installed the pipe line. A substantial portion of the line was washed out and destroyed or damaged. The plaintiff brought this action under the Tort Claims Act, 28 U.S.C.A. Ch. 171, § 2671 et seq., to recover damages. It was alleged that the plaintiff had suffered general damages in the sum of $19,147.38, and special damages in the sum of $5,000.00. The court entered judgment for the plaintiff in the sum of $33,380.08.[1]

---

1. The damages allowed were:
    $15,520.08—Cost of repair

2,860.00—Cost of time spent by the plaintiff's officers

The only question presented by this appeal is the sufficiency of the evidence to sustain the damages allowed. We have reviewed the record and find that there is sufficient evidence to sustain the judgment for the amounts allowed for the cost of repair and the value of the additional time required by the plaintiff's officers in making the repairs. As to the $15,000.00 item for loss of profits and injury to plaintiff's business, destruction of credit and reduction of net worth, we are of the view that there is no substantial evidence to sustain the judgment for this amount.

In a tort action, damages for the loss of profits and for injury to or interruption of a business will be allowed only when they can be established with reasonable certainty and are the proximate result of the wrong complained of. No recovery can be had for such losses if they are uncertain, conjectural or speculative. 15 Am.Jur., Damages, Secs. 150, 157.

Prospective profits are necessarily somewhat uncertain and problematical, but in cases where damages are definitely attributable to the wrong of the defendant and are only uncertain as to amount, they will not be denied even though they are difficult of ascertainment. Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 51 S.Ct. 248, 75 L.Ed. 544; Kobe, Inc., v. Dempsey Pump Co., 10 Cir., 198 F.2d 416, 426, certiorari denied 344 U.S. 837, 73 S.Ct. 46; Indian Territory Illuminating Oil Co. v. Townley, 10 Cir., 81 F.2d 159; Hoffer Oil Corp. v. Carpenter, 10 Cir., 34 F.2d 589, certiorari denied 280 U.S. 608, 50 S.Ct. 158, 74 L.Ed. 651. The loss of future profits from a regularly established business may in proper cases be established by showing that the profits after the wrong are less than past profits. 25 C.J.S., Damages, § 90;

Palmer v. Connecticut Ry. & Lighting Co., 311 U.S. 544, 561, 61 S.Ct. 379, 85 L.Ed. 336; Eastman Kodak Co. of New York v. Southern Photo Materials Co., 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684; Kobe, Inc., v. Dempsey Pump Co., supra. This is often the only available evidence. The fact of damage, however, must be proved to a certainty. Mathematical exactness as to the amount is not required but the evidence must form a basis for a reasonable approximation. The court must have before it such facts and circumstances to enable it to make an estimate of damage based upon judgment, not guesswork. Palmer v. Connecticut Ry. & Lighting Co., supra. "Actual damages only may be secured. Those that are speculative, remote, uncertain, may not form the basis of a lawful judgment. The actual damages which will sustain a judgment must be established, not by conjectures or unwarranted estimates of witnesses, but by facts from which their existence is logically and legally inferable. The speculations, guesses, estimates of witnesses, form no better basis of recovery than the speculations of the jury themselves." Central Coal & Coke Co. v. Hartman, 8 Cir., 111 F. 96, 98. Plaintiff contends that the evidence satisfied these rules.

To prove loss of profits and damage to its business, the plaintiff relied exclusively upon the testimony of its president. He testified that the corporation had been in existence since 1946 and that he thought it had made "something close to $80,000.00 of profit" during those years, which "amounts to about $1,000.00 a month during the time" that it was actively doing work. He stated that he believed that the plaintiff would have earned approximately $5,000.00 during the time that was required to make the repairs. The court excluded this evidence as speculative.[2] The wit-

---

15,000.00—Injury and impairment of business, loss of earnings, destruction of credit, and reduction of net worth.

$33,380.08

2. Prior to making the ruling the court said:
   "The Court: Now, I don't see any materiality to that, what they did some other year. As a matter of fact, this whole thing is highly speculative. The fact is

ness was later recalled and testified again relative to the earnings of the corporation over the six-year period preceding the damage complained of. He said, "From our jobs completed over a period of six years, we had an income, or a gross profit of $78,000.00 and figuring the times of the year when it was not possible to work, due to weather conditions, the average is roughly $1,000.00 a month for our gross income, or gross profit to the corporation." He further testified that due to cost and time expended for this repair work, plaintiff's credit was so poor that it could not get a bond for contracts exceeding $20,000.-00. The president was asked if he could state specifically what plaintiff's loss was for the period in question. He answered, "I don't have the figures on it exactly. They can be compiled from the books of the company." The books were never produced. There was no evidence of any particular jobs which it might have bid upon, or that it would have been the low bidder if it had so bid; or that the jobs would have been profitable contracts if it had been the successful bidder. No evidence was introduced to show that the plaintiff had been denied a bond or had inquired of any surety company or others if a bond would be furnished if it were a successful bidder at a contract letting or for other contracts which might have been obtained. Plaintiff's testimony indicates that it did not operate the year round; and that weather conditions controlled its operations materially. No evidence was introduced to show that weather conditions would have permitted work if it had been a successful bidder or obtained a sub-contract. What the loss of profits or damage to plaintiff's business would be, if any, is

pure guess work on the part of plaintiff's president and far too speculative to sustain a judgment for this claim. The language used by the trial court as quoted in note 2, is applicable to all the evidence which was introduced to sustain the claim for special damages.

The cause is remanded with instructions to modify the judgment in accordance with the views herein expressed.

they didn't have any other contracts. They might have obtained a contract if they had been on it and they might not. They might have made a profit on it if they had been on the contract and gotten the contract and they might not. As a matter of fact, if these people are reimbursed for their materials that they had to lay out as a result of this damage, for the payroll that they had to meet as a result of this damage, how can you claim anything more? You can't claim that they would lose something. All you can claim is that they might have made a profit if they had not been working on this job and if they had gotten another job to do. I don't think that is admissible; I think it is speculative. Certainly in comparison with what they earned in 1950. I don't see that."