**J. A. GARCIA, Appellant,**

v.

**The MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY, a corporation, Appellee.**

**No. 7035.**

United States Court of Appeals
Tenth Circuit.

Feb. 14, 1963.

Melvin L. Robins, Albuquerque, N. M. (Lorenzo A. Chavez, Albuquerque, N. M., with him on the brief), for appellant.

James T. Paulantis, of Iden & Johnson, Albuquerque, N. M., for appellee.

Before MURRAH, Chief Judge, and LEWIS and SETH, Circuit Judges.

MURRAH, Chief Judge.

This is an appeal from a judgment for the defendant on a jury verdict, in a diversity suit for damages by Dr. Garcia, a dentist, against the Telephone Company for the negligent omission of his listing in the classified or "yellow page" section of the telephone directory. The claim is to the effect that the professional listing of his name and address in the classified section of the telephone directory is of pecuniary benefit to the practice of his profession; that he contracted with the Telephone Company for such professional listing in the October 1960 edition of the directory; that as a result of the negligent omission of the listing, the plaintiff suffered "a great loss of profits, loss of good will, loss of new business, and loss of repeat business, all to his damage, in the sum of $30,000.00.

The Telephone Company answered, stating first that the plaintiff's contract, by its terms, limited the Telephone Company's liability not to exceed the amount payable to the Company for the omitted listing. In the alternative, the Company admitted the contract and that the listing was omitted, but denied that it was negligently or actionably done.

On appeal from the adverse judgment, Dr. Garcia complains of the admission into evidence of two documents, which he contends were irrelevant, immaterial and prejudicial. The Telephone Company first seeks to uphold the admission of the documents, but earnestly contends that in any event, the plaintiff's proof was insufficient to make out a prima facie case of damages, and the court should have therefore sustained its motion for directed verdict on that ground. Since the questioned documents directly concern the right of action and not the question of damages, it is appropriate to first consider whether the claimant made out a case for damages. If so, the admissibility of the documents becomes relevant on appeal; if not, we have no occasion to decide the point. See Mitchell v. Machinery Center, Inc., 10 Cir., 297 F.2d 883; Darter v. Greiner, 10 Cir., 301 F.2d 772; Tyler v. Dowell, Inc., 10 Cir., 274 F.2d 890, 894; Continental Ore Co. v. Union Carbide and Carbon Corp., 9 Cir., 289 F.2d 86, 89, reversed on other grounds, 370 U.S. 690, 82 S.Ct. 1404, 8 L.Ed.2d 777.

It was incumbent upon Dr. Garcia to prove not only that the Telephone Company negligently omitted his listing from the classified section of the directory, but that he suffered compensatory damages as a foreseeable consequence of such omission. Globe Refining Co. v. Landa Cotton Oil Co., 190 U.S. 540, 543, 23 S.Ct. 754, 47 L.Ed. 1171; Atchison, T. & S. F. Ry. Co. v. Jarboe Livestock Commission Co., 10 Cir., 159 F.2d 527; Corbin on Contracts, Vol. 5, Sec. 1006, et seq.; Restatement of Contracts, Sec. 330; Okla. Law Rev., Aug. 1953, p. 340. It seems entirely reasonable to foresee that the omission of the Doctor's name from the classified section of the directory would result in pecuniary loss. For, the very purpose of the listing is to facilitate the Doctor's contacts and thus enhance his professional practice. Indeed, no other result was intended or contemplated.

In cases like this, the injured party may "recover damages for inconvenience, annoyance, discomfort and business interference without proving specifically the amount of pecuniary loss resulting therefrom." Mountain States Telephone & Telegraph Co. v. Hinchcliffe, 10 Cir., 204 F.2d 381, 382. Once

the injured party proves the fact of his damages with reasonable certainty, "recovery will not be denied because the damages are difficult of ascertainment." Frank Bond and Son, Inc. v. Reserve Minerals Corp., 10 Cir., 335 P.2d 858, citing Mountain States Telephone & Telegraph Co. v. Hinchcliffe, supra, and quoting from Stern v. Dunlap, 10 Cir., 228 F.2d 939, 943, where we said, "It is enough if the evidence adduced is sufficient to enable the court or jury, as the case may be, to make a fair and reasonable approximation [of the damages]." And see also United States v. Griffith, Gornall & Carman, Inc., 10 Cir., 210 F.2d 11; Palmer v. Connecticut Ry. & Lighting Co., 311 U.S. 544, 61 S.Ct. 379, 85 L.Ed. 336; Gould v. Mountain States Telephone and Telegraph Co., 6 Utah 2d 187, 309 P.2d 802; Corbin on Contracts, Vol. 5, Sec. 1020. But, the claimant most assuredly must establish his loss "by the most accurate basis possible under the circumstances. He must produce the best evidence reasonably obtained." Mountain States Telephone and Telegraph Co. v. Hinchcliffe, supra; Restatement of Contracts, Sec. 331(1). Loss of profits, where reasonably ascertainable, have been the usual measure of compensatory damages in cases like these. Mountain States Telephone and Telegraph Co. v. Hinchcliffe, supra; Muskegon Agency v. General Telephone Co., 350 Mich. 41, 85 N.W.2d 170; Gould v. Mountain States Telephone and Telegraph Co., 6 Utah 2d 187, 309 P.2d 802. "To say that one is entitled to recover his net profit is another way of saying that he is entitled to recover what he actually lost, as a result of the other party's default. In other words, he is entitled to be made whole as a result thereof, to be placed financially where he would have been but for such breach. * * * Compensatory damages will be given for the net amount of loss or gain prevented by one's breach." Resolute Ins. Co. v. Percy Jones, Inc., 10 Cir., 198 F.2d 309. See generally Corbin on Contracts, Vol. 5, Sec. 1022.

The claimant tried and submitted his case on the theory of his loss of gross income.[1] In support of this theory, he testified that most of his referrals came through the telephone listing, and there was testimony to the effect that his business decreased during the months in which his name was omitted from the classified section of the directory; and that during those months his professional calls decreased as did his gross income. He introduced his income tax returns for the pertinent years to show the difference between his gross income during the year in which his name was omitted from the directory, and those in which it was listed. There was also proof of his monthly gross receipts from January 1958 through December 1961. With minor exceptions, these records show a gradual progressive increase in gross income from his first full year of practice in 1951 until the year 1961, when his name was omitted from the directory. As to that year, the record showed gross receipts of $56,664.00, as compared with the previous year of $69,487.00. The Doctor testified that he was available in his office at all times during these months and willing to perform the services of his profession.

■■ The decrease of gross earnings for the specific months during which his name was omitted from the directory is undoubtedly proof of the factum of damages. But loss of gross earnings alone affords no acceptable basis for compensatory damages, unless they are in some way related to the loss of net earnings. There was evidence to the effect that during the latter part of 1960 and 1961, another dentist was associated with Dr. Garcia, and that he was paid the sum of $18,000.00 for his services during the year 1961. It is not clear from the record whether the amount, or any part of it, paid his associate was deducted from the

1. During the trial, the court inquired of counsel: "Aren't the damages, if any, computed on the basis of loss of the take-home pay rather than the gross?" Counsel answered: "I believe that it is on the gross."

gross income for the year 1961. There is nothing to indicate or from which the claimant's net loss can be determined with any degree of approximation; and there is no suggested method for determining the amount of the loss suffered by reason of the decrease in gross receipts, if any. Instead, the jury was left to pure guess and speculation. From this record, we cannot determine with any degree of satisfaction the amount of the plaintiff's compensable loss, and we surely do not think a jury should be permitted to speculate on it.

We hold that the motion for directed verdict should have been sustained and judgment rendered for the defendant. The case is accordingly affirmed.