Judith A. FABIAN, on behalf of
herself and others similarly
situated, Plaintiffs,

v.

INDEPENDENT SCHOOL DISTRICT
NO. 89 OF OKLAHOMA COUNTY,
OKLAHOMA, et al., Defendants.

No. CIV–73–175–B.

United States District Court,
W. D. Oklahoma.

Feb. 9, 1976.

Lana Jeanne Tyree, Oklahoma City, Okl., for plaintiffs.

Larry L. French, Seminole, Okl., and J. Harry Johnson, Oklahoma City, Okl., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

BOHANON, District Judge.

*General Findings of Fact as to All Members of the Class*

1. This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended in 1972, with the Court having jurisdiction under 42 U.S.C. § 2000e et seq., and particularly 42 U.S.C. § 2000e–5(f)(3).

2. On October 25, 1972, a Complaint was filed on behalf of plaintiff class member Fabian with the Equal Employment Opportunity Commission alleging defendants' maternity leave policy to be

sexually discriminatory. Plaintiff thereafter received a "right to sue letter" from the United States Department of Justice and subsequently commenced this suit on behalf of herself and others similarly situated.

3. On April 12, 1973, this action was determined by the Court as appropriate for maintenance as a class action. Plaintiffs' Exhibit 9 disclosed that at the time of commencement of this suit there were 5,061 employees in defendant school district and that of that amount 3,373 were female; that 142 women had been placed on mandatory maternity leave during the 1971–72 and 1972–73 school years. The class was then defined, designated, and plaintiff directed to give notice to each member of the class.

4. The evidence in this case showed that 142 class members were given notice; however, only 56 elected to participate in the class and prosecute this civil rights action.

5. The Court finds that each tenured member of the class was employed under written contract in good standing by Independent School District No. 89 of Oklahoma County, Oklahoma; that each tenured teacher, as a prerequisite to employment, was required to sign the contract which provided for three months mandatory maternity leave before childbirth and three months after the date of childbirth.

6. That Independent School District No. 89 is a governmental agency created by State Statute with a specific responsibility of providing and supervising public education in Oklahoma County.

7. That all of the defendants: Bill Lillard, Superintendent of Oklahoma City Public Schools; C. B. McCray, President of the Board of Education of Independent School District No. 89 and all members thereof and their successors; Leslie R. Fisher, State Superintendent of Public Instruction; and W. C. Haller, Superintendent of Public Schools, Oklahoma County, are agents of state government and as such are charged with administrative responsibilities of their respective areas of public education.

8. The Court finds that plaintiff Fabian and each of the other class members gave timely notice to the Oklahoma City School System of her pregnancy, and each was informed that she would be required to take mandatory maternity leave of three months before the date of childbirth and three months after the date of childbirth.

9. The Court finds that the mandatory maternity leave of defendant School Board in effect at that time, and until several months after commencement of this litigation, provided that the services of a female who was pregnant would be terminated or suspended three months prior to the anticipated date of birth of the child; further, the policy provided that such pregnant employees could not return to work and be reinstated until the expiration of three months after childbirth. Such maternity leave was without pay or utilization of the employee's accumulated annual leave or sick leave. Many of the tenured teachers were unable to return to their teaching positions after their maternity leave as their positions had been filled and there were no vacancies in the system.

10. The members of the plaintiff class testified in substance that they were required to begin leave against their wishes, without pay, although they were physically and medically able to continue working and that they were prohibited from returning to work for a period of three months or more after childbirth though physically and medically able to perform their duties. The Court further finds that the plaintiffs would have requested a much shorter maternity leave, but they knew such request would be made in vain because of the defendants' policy and practice.

11. On or about the 21st day of May, 1973, two months after commencement of this action, defendants, by Supplemental Answer, stated that they had changed the maternity leave policy complained of. However, such change would

not go into effect until July 1, 1973, nearly four months after commencement of this action.

12. The only testimony as to the necessity of the maternity leave policy was by Dr. Bill Lillard, Superintendent of the Oklahoma City Public Schools, who testified the sole reason for the policy was "continuity of education" which the Court finds to be no reason at all.

13. The uncontroverted testimony of Dr. Richard Stansberry was to the effect that there is nothing in a normal pregnancy which would medically or physically prohibit a woman from working until her delivery if she felt able, or prohibit her from working for three months thereafter, as provided by the maternity leave policy.

14. Evidence showed the defendant school system had remaining at the end of the school years involved an unencumbered balance exceeding two million dollars, a part of which was the contractual salary not paid the plaintiffs and carried over into other fund accounts.

15. Male employees with temporary disabilities were allowed to remain on the jobs as long as they were physically able and when not able were allowed to utilize their accumulated sick leave.

16. All members of the class were afforded a hearing before the Court where they personally presented their individual evidence as to the amount claimed as a result of the mandatory maternity leave policy. The defendants' record (Plaintiffs' Exh. 1) is in evidence showing factual data as to each member of the plaintiff class electing to prosecute this action, and is in error in some particulars as explained by the claimants.

17. Plaintiffs have prayed for injunctive relief which is denied for the reason that the mandatory maternity leave policy of the defendant School Board has been abolished and no injunctive relief is warranted.

## Specific Findings of Fact as to Each Member of the Class

1. The following table provides information as to each member of the plaintiff class and reveals that the class was not paid a total of $208,126.90. The damages suffered by each plaintiff are based upon the contractual salary to which each was entitled but did not receive as a result of the mandatory maternity leave policy, which was maintained in effect long after the Civil Rights Act became law. The import of the table is to establish the number of days each plaintiff lost as a result of the defendants' policy, less the days the plaintiff would have elected to lose had the offending policy not been established; the number remaining, being days wages claimed, times the plaintiff's daily rate of pay constituting plaintiff's damages. In some instances outside earnings during the period in question were subtracted from damages to arrive at net damages.

2. The following abbreviations are used in the table:

Mat. Lv. ____ Maternity Leave
Elec. _____ Elected
DNR _____ Did Not Return During the School Year in Question
DNER _____ Did Not Elect to Return During the School Year in Question

| NAME | SALARY | DELIVERY DATE | COMMENCED MAT. LV. | RETURNED TO WORK | ELEC. TO COMMENCE MAT. LV. | ELEC. TO RETURN | DAYS LOST THRU POLICY | ELEC. DAYS LOST | DAYS SICK LV. | ELEC. DAYS W/O PAY | DAYS WAGES CLAIMED | DAILY RATE | DAMAGES | OUTSIDE EARNINGS | NET DAMAGES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| B. Benton | $8,125 | 2-23-72 | 8-9-71 | 6-1-72 | 2-22-72 | 3-21-72 | 200 | 20 | 5 | 15 | 185 | $40.62 | $7,514.70 | | $7,514.70 |
| C. Cargal | $7,225 | 10-21-71 | 8-23-71 | 4-17-72 | 10-4-71 | 12-6-71 | 171 | 45 | 4.5 | 40.5 | 130.5 | $36.12 | $4,713.66 | $1,550.00 | $3,163.66 |
| T. Carter | $6,930 | 2-2-73 | 11-13-72 | 8-73 | 2-2-73 | 3-19-73 | 140 | 30 | 15.5 | 14.5 | 125.5 | $34.65 | $4,348.57 | | $4,348.57 |
| M. Chelf | $7,466 | 5-12-72 | 2-28-72 | 8-73 | 5-15-72 | 8-73 | 65 | 10 | 22 | 0 | 65 | $37.33 | $2,426.45 | | $2,426.45 |
| G. Clemmons* | $7,110 | 7-31-72 | 2-25-72 | 10-31-72 | 5-26-72 | 8-23-72 | 94 | 0 | 10 | 0 | 94 | $35.55 | $3,341.70 | | $3,341.70 |
| J. Clifton | $6,930 | 10-7-72 | 8-21-72 | DNR | 9-25-72 | DNER | 35 | 10 | 9 | 1 | 34 | $34.65 | $1,178.10 | | $1,178.10 |
| A. Cotton | $7,070 | 1-2-73 | 8-27-72 | 8-73 | 1-1-73 | 2-1-73 | 180 | 22 | 5 | 17 | 163 | $35.35 | $5,762.05 | | $5,762.05 |
| J. Cox | $7,490 | 2-12-73 | 11-15-72 | DNR | 2-12-73 | 3-6-73 | 107 | 17 | 7 | 10 | 97 | $37.45 | $3,632.65 | | $3,632.65 |
| L. Crittendon | $7,210 | 3-1-73 | 1-15-73 | DNR | 3-1-73 | 4-2-73 | 95 | 22 | 26 | 0 | 95 | $36.05 | $3,424.75 | | $3,424.75 |
| T. Cudjoe | $7,465 | 3-6-72 | 1-13-72 | 8-72 | 3-6-70 | 4-3-72 | 96 | 15 | 0 | 15 | 81 | $37.32 | $3,022.92 | | $3,022.92 |
| M. Davis | $7,570 | 1-27-72 | 8-23-71 | DNR | 1-27-72 | DNER | 200 | 87 | 20 | 67 | 133 | $37.85 | $5,034.05 | $ 200.00 | $4,834.05 |
| M. Dean | $8,030 | 5-30-72 | 2-25-72 | DNR | 5-26-72 | DNER | 65 | 0 | 58 | 0 | 65 | $40.15 | $2,609.75 | | $2,609.75 |
| K. Duffy | $3,000 | 5-1-73 | 2-19-73 | DNR | 5-1-73 | DNER | 74 | 24 | 6 | 18 | 56 | $15.00 | $ 840.00 | | $ 840.00 |
| R. Dunn | $7,225 | 10-29-71 | 8-23-71 | DNR | 10-29-71 | 12-13-71 | 200 | 28 | 21 | 7 | 193 | $36.12 | $6,971.16 | | $6,971.16 |
| R. Eskridge | $7,070 | 7-27-73 | 4-19-73 | DNR | 5-25-73 | DNER | 26 | 0 | 8.5 | 0 | 26 | $35.35 | $ 919.10 | | $ 919.10 |
| J. Fabian | $7,495 | 1-9-73 | 11-17-72 | DNR | 1-9-73 | DNER | 135 | 104 | 27 | 77 | 58 | $37.47 | $2,173.26 | | $2,173.26 |
| M. Fields | $7,490 | 1-5-73 | 8-21-72 | DNR | 1-5-73 | DNER | 180 | 101 | 27 | 74 | 106 | $37.45 | $3,969.70 | $ 728.10 | $3,241.60 |

*The record shows that plaintiff Clemmons commenced maternity leave 2-25-72 and expected date of childbirth was 6-25-72. Plaintiff, having taken one extra month over that which the mandatory maternity leave policy would have required, has her claim reduced by 20 working days.

| NAME | SALARY | DELIVERY DATE | COMMENCED MAT. LV. | RETURNED TO WORK | ELEC. TO COMMENCE MAT. LV. | ELEC. TO RETURN | DAYS LOST THRU POLICY | ELEC. DAYS LOST | DAYS SICK LV. | ELEC. DAYS W/O PAY | DAYS WAGES CLAIMED | DAILY RATE | DAMAGES | OUTSIDE EARNINGS | NET DAMAGES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| C. Fowler | $8,841 | 9-13-73 | 8-27-73 | 1-27-74 | 9-13-73 | 10-25-73 | 106 | 30 | 0 | 30 | 76 | $44.20 | $3,359.20 | | $3,359.20 |
| N. Gober | $3,600 | 4-2-73 | 1-15-73 | DNR | 4-2-73 | 5-14-73 | 95 | 30 | 22.5 | 7.5 | 87.5 | $18.00 | $1,575.00 | | $1,575.00 |
| T. Goodspeed | $7,830 | 12-27-72 | 11-3-72 | DNR | 1-2-73 | 2-12-73 | 125 | 29 | 29 | 0 | 125 | $39.15 | $4,893.75 | | $4,893.75 |
| R. Graham | $6,880 | 3-17-72 | 1-28-72 | DNR | 3-17-72 | DNER | 85 | 56 | 22 | 34 | 51 | $34.40 | $1,754.40 | | $1,754.40 |
| L. Griffin | $7,225 | 5-3-72 | 2-14-72 | DNR | 5-3-72 | DNER | 75 | 18 | 15 | 3 | 72 | $36.12 | $2,600.64 | | $2,600.64 |
| S. Grimes | $6,930 | 5-22-73 | 3-2-73 | DNR | 5-22-73 | DNER | 50 | 3 | 11 | 0 | 50 | $34.65 | $1,732.50 | | $1,732.50 |
| D. Hall | $6,930 | 4-6-73 | 1-12-73 | DNR | 4-2-73 | DNER | 95 | 40 | 10 | 30 | 65 | $34.65 | $2,252.25 | $ 448.85 | $1,803.40 |
| J. Henderson | $7,570 | 5-29-73 | 4-9-73 | DNR | 5-25-73 | DNER | 34 | 31 | 36 | 0 | 34 | $37.85 | $1,286.90 | | $1,286.90 |
| L. Jackson | $7,350 | 2-13-73 | 11-17-72 | DNR | 2-13-73 | 3-27-73 | 135 | 30 | 1 | 29 | 106 | $36.75 | $3,895.50 | | $3,895.50 |
| J. Jacobs | $7,570 | 4-20-73 | 1-12-73 | DNR | 4-20-73 | DNER | 95 | 26 | 11.5 | 14.5 | 80.5 | $37.85 | $3,046.92 | | $3,046.92 |
| M. Keenan* | ($4,440) ($4,896) | 8-29-73 | 6-7-73 | 10-1-73 | 8-28-73 | 10-1-73 | 17 / 65 | 23 | 13.5 | 9.5 | 7.5 / 65 | $16.81 / $18.50 | $ 126.07 / $1,202.50 | | $1,328.57 |
| J. Kistler | $7,070 | 8-23-72 | 8-28-72 | DNR | 8-28-72 | 9-11-72 | 200 | 9 | 3 | 6 | 194 | $35.35 | $6,857.90 | | $6,847.90 |
| K. Lewison** | ($7,276) ($7,290) | 5-1-73 | 3-16-73 | DNR | 5-1-73 | 5-16-73 | 50 / 200 | 10 | 10 | 0 | 50 / 200 | $36.38 / $36.45 | $1,819.00 / $7,290.00 | | $9,109.00 |
| M. McGaughey | $7,210 | 3-29-73 | 1-15-73 | DNR | 3-15-73 | DNER | 94 | 52 | 20 | 32 | 62 | $36.05 | $2,235.10 | | $2,235.10 |
| J. McKee | $7,070 | 10-17-72 | 8-21-72 | DNR | 10-17-72 | 11-28-72 | 200 | 30 | 0 | 30 | 170 | $35.35 | $6,009.50 | | $6,009.50 |
| B. Manley | $7,224 | 5-9-72 | 1-31-72 | DNR | 5-9-72 | DNER | 84 | 14 | 6 | 8 | 76 | $36.12 | $2,745.12 | | $2,745.12 |
| J. Marzett | $7,110 | 11-9-71 | 8-21-71 | 2-16-72 | 10-25-71 | 1-3-72 | 70 | 43 | 37 | 6 | 64 | $35.55 | $2,275.20 | | $2,275.20 |
| B. Melton | $8,020 | 8-11-71 | 8-23-71 | 11-12-71 | 8-23-71 | 9-27-71 | 59 | 35 | 6 | 29 | 30 | $40.10 | $1,203.00 | $ 180.00 | $1,023.00 |

*Plaintiff Keenan's claim is based on two different salary scales. Her daily rate of pay at the time of maternity leave was $16.81 for the month of June and $18.50 per day for the succeeding months.

**Plaintiff Lewison's claim is based upon two different year's salaries. She commenced maternity leave 3-16-73, with date of childbirth being 5-1-73. Plaintiff is claiming 50 days lost in the 1972-73 school year and her salary for the entire contract year 1973-74, as she was not allowed to return to work during the 1973-74 contract period.

| NAME | SALARY | DELIVERY DATE | COMMENCED MAT. LV. | RETURNED TO WORK | ELEC. TO COMMENCE MAT. LV. | ELEC. TO RETURN | DAYS LOST THRU POLICY | ELEC. DAYS LOST | DAYS SICK LV. | ELEC. DAYS W/O PAY | DAYS WAGES CLAIMED | DAILY RATE | DAMAGES | OUTSIDE EARNINGS | NET DAMAGES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| L. Mills | $6,994 | 11-24-71 | 8-23-71 | 1-19-72 | 11-1-71 | 1-10-72 | 140 | 40 | 28 | 12 | 128 | $34.97 | $4,476.16 | $ 40.00 | $4,076.16 |
| S. Mitchell | $7,070 | 4-6-73 | 1-12-73 | DNR | 3-30-73 | DNER | 95 | 40 | 31.5 | 8.5 | 86.5 | $35.35 | $3,057.75 | | $3,057.75 |
| T. Mitchell | $7,350 | 10-22-72 | 8-22-72 | DNR | 10-22-72 | DNER | 45 | 155 | 0 | 155 | 45 | $36.75 | $1,653.75 | | $1,653.75 |
| M. Ogle | $7,855 | 10-26-70 | 8-24-70 | DNR | 10-26-70 | 11-2-70 | 200 | 5 | 15 | 0 | 200 | $39.27 | $7,855.00 | $1,100.00 | $6,755.00 |
| M. Perry | $9,590 | 12-19-72 | 10-13-72 | DNR | 12-19-72 | 2-5-73 | 160 | 25 | 19 | 6 | 154 | $47.95 | $7,384.30 | | $7,384.30 |
| A. Poole | $7,110 | 2-7-72 | 11-16-71 | DNR | 1-6-72 | 3-17-72 | 138 | 52 | 21 | 31 | 107 | $35.55 | $3,803.85 | | $3,803.85 |
| C. Quanstrom | $7,070 | 10-2-72 | 8-21-72 | 4-10-73 | 10-2-72 | 10-23-72 | 70 | 15 | 6 | 9 | 61 | $35.35 | $2,156.35 | $ 40.00 | $2,116.35 |
| P. Reherman | $6,850 | 8-5-71 | 8-23-71 | DNR | 8-23-71 | 10-16-71 | 200 | 18 | 8 | 10 | 190 | $34.25 | $6,507.50 | | $6,507.50 |
| B. Roberson | $7,490 | 11-22-72 | 8-22-72 | DNR | 11-22-72 | 12-20-72 | 200 | 20 | 37 | 0 | 200 | $37.45 | $7,490.00 | $1,320.00 | $6,170.00 |
| J. Savage | $7,225 | 11-6-71 | 8-22-71 | 1-13-72 | 11-8-71 | 11-22-71 | 70 | 10 | 5 | 5 | 65 | $36.12 | $2,347.80 | | $2,347.80 |
| D. Scoufos | $6,765 | 5-28-72 | 2-28-72 | DNR | 5-28-72 | DNER | 65 | 0 | 0 | 0 | 65 | $33.82 | $2,198.30 | | $2,198.30 |
| M. Seefeldt | $7,700 | 8-6-73 | 8-27-73 | DNR | 8-27-73 | 9-17-73 | 200 | 15 | 34 | 0 | 200 | $38.50 | $7,700.00 | $ 250.00 | $7,450.00 |
| L. Simpson | $7,210 | 12-9-71 | 8-23-71 | 3-13-72 | 12-9-71 | 1-20-72 | 145 | 25 | 3 | 22 | 123 | $36.05 | $4,434.15 | | $4,434.15 |
| Q. Sengel | $7,654 | 9-1-73 | 8-27-73 | DNR | 8-28-73 | 10-15-73 | 200 | 35 | 1 | 34 | 166 | $38.27 | $6,352.82 | $ 285.00 | $6,067.82 |
| B. Smith | $7,360 | 2-6-72 | 12-1-71 | DNR | 2-7-72 | 3-6-72 | 127 | 20 | 12 | 8 | 119 | $36.80 | $4,379.20 | | $4,379.20 |
| A. Spinks | $7,210 | 8-27-72 | 8-21-72 | DNR | 8-28-72 | 9-22-72 | 200 | 20 | 0 | 20 | 180 | $36.05 | $6,489.00 | | $6,489.00 |
| J. Stanlake | $6,995 | 4-20-72 | 1-14-72 | DNR | 4-22-72 | 5-15-72 | 95 | 15 | 10 | 5 | 90 | $34.97 | $3,147.30 | | $3,147.30 |
| L. Talkington | $7,360 | 11-20-71 | 8-23-71 | 3-27-72 | 11-1-71 | 1-3-72 | 155 | 105 | 31 | 74 | 81 | $36.80 | $2,980.80 | | $2,980.80 |
| L. Wheeler | $7,350 | 2-8-73 | 11-22-72 | DNR | 1-24-73 | 3-12-73 | 132 | 33 | 46 | 0 | 132 | $36.75 | $4,851.00 | | $4,851.00 |
| D. Whittington | $7,360 | 2-18-72 | 1-14-72 | DNR | 2-18-72 | 3-27-72 | 95 | 30 | 15 | 15 | 80 | $36.80 | $2,944.00 | | $2,944.00 |
| M. Woodside | $7,344 | 6-13-72 | 2-25-72 | DNR | 5-27-72 | DNER | 65 | 0 | 28 | 0 | 65 | $36.72 | $2,386.80 | | $2,386.80 |
| | | | | | | | | | | | | TOTAL | | | $208,126.90 |

*Findings on Attorney's Fees Taxed as Costs*

1. The Court finds that this litigation by plaintiff Fabian and all members of the plaintiff class against the defendants has been concluded and submitted to the Court for decision. It further appears that Lana Jeanne Tyree of the firm of Benefield, Shelton, Lee and Tyree, has filed her Motion for allowance of attorney's fees to be taxed as costs against the defendants in this action and Brief in support thereof, together with a statement of hours spent in the prosecution of this case. Thereafter, defendants filed their Response and Brief in opposition to plaintiffs' Motion and claim.

2. In this action plaintiffs' counsel claims an attorney's fee of $84,800 to be assessed as costs against the defendants.

3. The Court heard the testimony of the claimant who reviewed all of the professional services rendered by her in the prosecution of this action. The Court also heard the testimony of two well-known and respected Oklahoma City attorneys, Eugene Matthews and Andrew M. Coats, who had reviewed the proceedings before the Court and heard the testimony of the claimant. Mr. Matthews testified in brief that in his opinion claimant should be paid a fee of $79,-360 for her professional services rendered in the prosecution of this case, and Mr. Coats testified that in his opinion claimant should be paid a fee of $73,450. The defendants' counsel Larry L. French, an equally respected attorney of the bar, testified that $35 to $45 per hour would be a reasonable and fair hourly fee to be paid claimant in this action. Defendants, however, deny all liability to the plaintiffs and to the claimant.

4. The Court finds that the claimant Lana Jeanne Tyree has professionally and skillfully represented the plaintiff and all members of the class and that through the prosecution of this class action members of the class collectively will receive a total of $208,126.90, if and when the judgment becomes final.

5. The Court finds that based upon the statute authorizing an award of fees as costs and upon claimant's statement and testimony that 1,168 hours were involved in the prosecution of this case, a fee of $60,000 is a fair, reasonable and just fee to be paid claimant for her professional services. Title 42 U.S.C. § 2000e-5(k) makes no provision for the payment of expenses, and, therefore, the claim for expenses incurred herein is denied.

*Conclusions of Law*

1. The Court has jurisdiction of this action under the terms of 42 U.S.C. § 2000e-5(f)(3).

2. The defendants are "persons" and "employers" within the purview of the above-cited civil rights legislation, §§ 2000e(a) and (b).

3. The defendant School District may be sued, 70 O.S. § 5-105.

4. Plaintiffs have complied with 42 U.S.C. § 2000c-5 and have exhausted the requisite administrative remedies.

5. This action has been properly declared and maintained as a class action under Rule 23, Federal Rules of Civil Procedure.

6. The mandatory maternity leave policy established by defendants, by requiring three months leave prior to and three months leave subsequent to childbirth, constitutes prohibited discrimination based on sex. 42 U.S.C. § 2000e-2(a)(1) and (2).

7. The defendants have not shown the maternity policy in issue to have been predicated on any valid or reasonably necessary reasons. *Newmon v. Delta Airlines, Inc.,* 374 F.Supp. 238 (N.D. Ga.1973).

8. The deliberate policy of defendants resulting in economic loss to plaintiffs properly gives rise to an award of back pay. *Robinson v. Lorillard Corporation,* 444 F.2d 791 (C.A.4, 1971), *cert. dismissed* 404 U.S. 1006, 92 S.Ct. 573, 30 L.Ed.2d 655 (1971); *Arkansas Ed. Assn. v. Board of Ed., Portland, Ark. Sch. Dist.,* 446 F.2d 763 (C.A.8, 1971).

9. Permanent injunctive relief is inappropriate, as the defendants no longer utilize the condemned policy.

10. The award of attorney's fees as costs is appropriate, 42 U.S.C. § 2000a–3(b), § 2000e–5(k); and there is an absence of factors, such as immunity, which would make an award unjust.

11. Damages need not be proved to an exact, mathematical certainty. The wrongdoer bears the risk of uncertainty it has created. *Kobe v. Dempsey Pump Co.,* 198 F.2d 416 (C.A.10, 1952), *cert. denied* 344 U.S. 837, 73 S.Ct. 46, 97 L.Ed. 651 (1952); *Mountain States Telephone and Telegraph Company v. Hinchcliffe,* 204 F.2d 381 (C.A.10, 1953)

12. That plaintiff, while bringing suit for violation of civil rights rather than upon the employment contracts has satisfied the requirements of 62 O.S. § 362, through testimonial and financial record evidence relating to defendant School District.

An appropriate Judgment will accordingly be entered herein.