**REGISTERED PHYSICAL THERA-PISTS, INC., a Utah Corporation, Plaintiff and Respondent,**

v.

**Robert K. JEPSON, Defendant and Appellant.**

**No. 15395.**

Supreme Court of Utah.

Sept. 5, 1978.

---

Tex R. Olsen of Olsen & Chamberlain, Richfield, for defendant and appellant.

Richard S. Nemelka, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

The defendant appeals from a judgment handed down by the District Court for Sevier County in favor of the plaintiff for the sum of $17,999.

The plaintiff's action is based on an oral employment contract entered into on or about August 1973 and continuing until December 9, 1975. The defendant claimed that a partnership or joint venture arrangement rather than an employment contract existed between the parties. The trial court ruled adverse to defendant's contention in that regard and that ruling is supported by the evidence.

Prior to August 1973 the plaintiff had established a physical therapy business in Richfield, Utah. At that time the defendant was employed to manage and operate the office. The defendant was paid a salary and under the agreement be entitled to a share of the profits.

In November 1975 the defendant notified the plaintiff of his intention to terminate his employment. On December 9, 1975, officers of the plaintiff went to Richfield and removed the equipment used in the business.

Prior to the termination of his employment the defendant removed from the files the "treatment cards" of the patients served by the Richfield office. During the course of his employment the defendant failed to pay over to plaintiff its share of the profits for the sales of items sold at the Richfield office of a therapeutic nature. The conversion of the business records made it impractical to continue the plaintiff's business in Richfield. The defendant also converted accounts receivable as well as monies belonging to the plaintiff to his own use.

The defendant established a therapy business of his own in Richfield and used the information from the plaintiff's treatment cards for his own purpose and solicited former patients of the plaintiff as a part of his new enterprise.

The court found that the defendant had breached his fiduciary duties as an employee of the plaintiff corporation and that the acts of the defendant were intentional and malicious.

The court awarded damages to the plaintiff in the sum of $10,000 for loss of its business in Richfield, and $7,999, for other items owed by the defendant to the plaintiff.

The defendant is here seeking a reversal of that part of the judgment awarding plaintiff the $10,000 for loss of business.

It appears that the trial court based its finding of the business loss incurred by the plaintiff on $2,000 per year for five years. The evidence indicates that the plaintiff's business at Richfield showed a gross profit of $50,000 in 1974 and 1975 and a net profit of $9,000. In the year 1976 the defendant testified to a gross of $60,000 when he was operating his own business. While it is difficult to determine precisely the loss suffered by the plaintiff in closing

of its business, where damages are attributable to the wrong of the defendant and are only uncertain as to amount, they will not be denied even though they are difficult of ascertainment.[1] A case similar to the one before us is that of *Hoggan and Hall and Higgins Inc. v. Hall.*[2] In that case this Court sustained a judgment based on similar facts relating to liability and upheld an award of damages based on similar evidence. That case cited with approval the case of *Duane Jones Co. v. Burke*, 306 N.Y. 172, 117 N.E.2d 237.

 There is sufficient evidence in the record to support the findings and conclusions of the trial court. This being an action at law, we should affirm the judgment of the court. Plaintiff is entitled to costs.

MAUGHAN, Justice, concurs in result.

---

1. *United States v. Griffith, Gornall & Carman, Inc.*, 10 Cir., 210 F.2d 11.

